**In re Jimmy W. CLARK, Debtor.**

**Bankruptcy No. 93–41087.**

United States Bankruptcy Court,
S.D. Georgia,
Savannah Division.

Sept. 19, 1994.

Barbara Braziel, Savannah, GA, for debtor.

Sylvia Ford Brown, Chapter 13 Trustee, Savannah, GA.

Ford Motor Credit Company, Daniel F. Bridgers, Decatur, GA, for creditor.

### MEMORANDUM OPINION

JAMES D. WALKER, Jr., Bankruptcy Judge.

This matter is before the Court on Objection To Allowance Of Claim filed by Jimmy W. Clark ("Debtor"). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). Based on the evidence presented to the Court, Debtor's objection will be overruled. The following findings of fact and conclusions of law are published in compliance with Fed.R.Bankr.P. 7052.

### FACTS

Debtor filed this case under Chapter 13 of the Bankruptcy Code on June 6, 1993. Prior to Debtor's filing for bankruptcy protection, Ford Motor Credit Company ("FMCC") repossessed a vehicle from Debtor and obtained a deficiency judgment. FMCC filed a claim in this case for Three Thousand Six Hundred and Three Dollars and Ninety Five Cents ($3,603.95) asserting secured status for the deficiency. The parties have stipulated to the finding that the FMCC claim would not have been allowed as secured if the ob-

jection had been heard prior to the confirmation of the case.

FMCC is listed in Debtor's schedules as a creditor holding an unsecured claim for the deficiency. However, Debtor's plan of reorganization designated FMCC as a secured creditor. The plan was confirmed without objection on November 30, 1993.

On June 23, 1994, Debtor filed this objection to FMCC's proof of claim. Debtor contends that FMCC's claim for a deficiency judgment is not entitled to secured status, but rather that FMCC should be treated as an unsecured creditor. FMCC responded asserting res judicata as a defense to Debtor's objection.

## CONCLUSIONS OF LAW

Debtor's objection raises the issue of the effect of a confirmed plan on those claims dealt with under the plan. While hindsight demonstrates that the deficiency judgment asserted by FMCC should have been given unsecured status, no party objected to FMCC's claim, and the claim was allowed as filed. 11 U.S.C. § 502(a). Debtor's plan of reorganization treats FMCC's claim as secured, and the plan was confirmed without objection.

■ The effect of a confirmed plan under Chapter 13 of the Bankruptcy Code is set forth in section 1327(a) as follows:

(a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

11 U.S.C. § 1327(a) (Law.Co-op.1994).

The effect of section 1327(a) is such that:

1. The binding effect of a plan of reorganization has been the subject of a plethora of case law, with very little disagreement among the circuits. *See In re Duke,* 153 B.R. 913 (Bankr.N.D.Ala. 1993) and cases cited therein.

2. Even if the claim dealt with under the plan is not specifically mentioned in the plan, but rather is treated under a catchall provision for secured creditors, the Court has considered the claim in confirming the plan. 11 U.S.C. §§ 506(a) and

An order confirming a Chapter 13 plan is res judicata as to all justiciable issues which were or could have been decided at the confirmation hearing.... Section 1327 precludes a creditor from asserting, after confirmation, any other interest than that provided for it in the confirmed plan. *In re Moseley,* 74 B.R. 791 (Bankr.C.D.Cal. 1987), citing *Anaheim Savings & Loan Assoc. v. Evans (In re Evans),* 30 B.R. 530, 531 (9th Cir. BAP 1983).

■ Under section 1327(a), the order of confirmation fixes the rights of all parties and binds them to the terms of the plan. Just as creditors are bound by the treatment afforded their claims, the debtor is likewise bound by the same terms.[1] Upon confirmation, res judicata bars the assertion of any cause of action or objection which was raised, or could have been raised, prior to confirmation.[2] *In re Eason,* No. 91–70109, slip op. at 9, 1994 WL 582522 (Bankr.M.D.Ga. Aug. 2, 1994). The only rights which may be asserted by a party after confirmation are those provided for in the plan. *Id.* at 9, citing *In re Evans.*

■ Parties wishing to attack the plan after confirmation may (1) appeal the confirmation order; (2) file a motion to alter or amend the order, including a motion for reconsideration or for rehearing; (3) file a motion to dismiss the case; (4) file a motion to correct a clerical mistake; (5) file an adversary proceeding to revoke confirmation; (6) file a motion to set aside the confirmation on due process grounds; or (7) file a motion to modify the Chapter 13 plan. *In re Moseley,* at 798. Although not recognized by the *Moseley* court, Rule 60(b) may provide additional grounds under which to attack a confirmed plan. *Southmark Properties v. Charles House Corp.,* 742 F.2d 862 (5th Cir. 1984).[3]

1325(a)(5); *In re Hartford,* 7 B.R. 914, 916–17 (Bankr.D.Maine 1981).

3. Rule 60(b) is made applicable to cases under Title 11 by Bankruptcy Rule 9024, which provides:

Rule 60 F.R.Civ.P. applies to cases under the Code except that (1) a motion to reopen a case under the Code for the reconsideration of an order allowing or disallowing a claim against the estate entered without contest is not sub-

The case of *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks, II, Ltd.)*, 898 F.2d 1544 (11th Cir.1990), *cert. denied*, 498 U.S. 959, 111 S.Ct. 387, 112 L.Ed.2d 398 (1990) is dispositive in the matter before this Court. The operative facts are virtually identical to those of the case at bar. In *Justice Oaks*, a party in interest objected to the secured status of a creditor after confirmation of the debtor's plan of reorganization. In both a proposed settlement and the debtor's plan, the creditor in question was treated as a secured creditor. The objecting party contended that the secured creditor should have been treated as unsecured.

■ Although Rule 3007 governing objections to proofs of claim does not contain a time limit, a deadline is "implicit in several provisions of the Code." *Id.* at 1553. "[U]nder section ... 506(a) ... a proof of secured claim must be acted upon—that is, allowed or disallowed—before confirmation of the plan or the claim must be deemed allowed for purposes of the plan." *Id.* at 1553, citing *Simmons v. Savell (In re Simmons)*, 765 F.2d 547, 553 (5th Cir.1985). The Eleventh Circuit held that the objecting party "waived their right to object by failing to object prior to confirmation." *Justice Oaks* at 1553. "[W]hen the objection is based on an argument that the plan misclassified the objectionable claim, the objection must be made prior to confirmation of the plan." *Id.* at 1553.

■ The order confirming Debtor's plan served as the final allowance of FMCC's claim under the plan fixing FMCC's entitlement to treatment as a secured creditor in this case. The doctrine of res judicata prevents Debtor's objection under Bankruptcy Rule 3007. However, this does not signal an end to the Court's analysis.

Debtor's objection is in the nature of a motion for reconsideration of the order of confirmation which fixed the rights of FMCC as a secured creditor. Claims may be reconsidered after confirmation in accordance with 11 U.S.C. § 502(j), which provides:

> (j) A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case. Reconsideration of a claim under this subsection does not affect the validity of any payment or transfer from the estate made to a holder of an allowed claim on account of such allowed claim that is not reconsidered, but if a reconsidered claim is allowed and is of the same class as such holder's claim, such holder may not receive any additional payment or transfer from the estate on account of such holder's allowed claim until the holder of such reconsidered and allowed claim receives payment on account of such claim proportionate in value to that already received by such other holder. This subsection does not alter or modify the trustee's right to recover from a creditor any excess payment or transfer made to such creditor.

11 U.S.C. § 502(j) (Law.Co-op.1994).[4]

■ Claims allowance determinations are one of the principle duties of a Bankruptcy Court. When a plan is confirmed, the confirmation order necessarily incorporates any orders that may be entered by the Court in connection with the allowance of claims, including an order which defers the consideration of a claim beyond the confirmation date.[5] In order for the Court to reconsider a

---

ject to the one year limitation prescribed in Rule 60(b), (2) a complaint to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by § 727(e) of the Code, and (3) a complaint to revoke an order confirming a plan may be filed only within the time allowed by § 1144, § 1230, or § 1330.

**4.** There is an inherent tension within the Bankruptcy Code between the Court's power to reconsider claims and the finality conferred upon confirmed plans. However, section 502(j) allows the Court to reconsider claims until the case is closed. *International Yacht and Tennis, Inc. v. Wasserman (In re International Yacht and Tennis, Inc.)*, 922 F.2d 659 (11th Cir.1991). This necessarily implies that claims may be reconsidered after confirmation.

**5.** *American Surety Co. of New York v. Coral Gables First National Bank (Matter of Constructors of Florida, Inc.)*, 349 F.2d 595 (5th Cir.1965), *cert. denied*, 383 U.S. 912, 86 S.Ct. 886, 15 L.Ed.2d 667 (1966) (where a plan provides that the determination of an interest is to be made in state court after confirmation, said provision is binding as res judicata). It sometimes happens

claim after confirmation the movant must first demonstrate "cause". Cause under section 502(j) is defined in relation to Rule 60(b). *Colley v. National Bank of Texas (In re Colley)*, 814 F.2d 1008 (5th Cir.1987).

Movant alleges that FMCC's claim should not have been allowed as secured. Rather than challenge the claim, Debtor proposed to treat FMCC's interest as secured under the plan. Without an objection from Debtor, the Chapter 13 trustee or some other party in interest, the claim is deemed allowed. 11 U.S.C. § 502(a). Debtor impliedly alleges that the FMCC claim was not challenged through inadvertence or some form of excusable neglect. Although inadvertence and excusable neglect may provide cause for the Court to reconsider its confirmation order, such reconsideration is discretionary and is only to be undertaken according to the equities of the case. *Colley* at 1010; 11 U.S.C. § 502(j).

"The court's broad discretion should not . . . encourage parties to avoid the usual rules for finality of contested matters." *Colley* at 1010. The equitable power of the Court to reconsider claims after confirmation must be exercised cautiously, acknowledging the just expectations of all parties that the rights fixed under a plan are final. In the case before the Court, Debtor offers no explanation for its failure to object to FMCC's claim. The entire bankruptcy process depends upon the vigilance of the parties to monitor claims made upon the estate. If the Court were to allow reconsideration of claims merely upon a showing that the debtor was asleep at the switch, there would be no finality to the bankruptcy process. As the court in *Colley* observed, "[O]ld bankruptcy cases, like old soldiers, never die . . .".[6] It appears instead that they haunt the halls of the bank-

ruptcy court until they are laid to rest. If there were no finality to the confirmation and claims allowance process, such restless spirits would likely overwhelm the entire system.

The maxim "vigilantibus non dormientibus aequitas subvenit", or "equity aids the vigilant, not those who slumber on their rights"[7] has particular application in such a case. Debtor has failed to demonstrate that the equities of the case in favor of allowing reconsideration of the FMCC claim outweigh the necessity for finality in both the claims allowance process and the rights of the parties as established in the confirmed plan. The Court will not exercise its discretion to reconsider the FMCC claim.

In sum, the terms of the plan are binding on all parties dealt with under the plan. Debtor had the opportunity to adjust the proposed treatment of FMCC in his plan of reorganization as well as to object to the FMCC proof of claim before confirmation. Debtor took neither step. Debtor has not sought a modification of his plan pursuant to 11 U.S.C. § 1329, and has not alleged grounds for revocation of the plan under 11 U.S.C. § 1330. To allow Debtor to object to the FMCC proof of claim eight months after confirmation of the plan would rob the confirmed plan of the necessary finality Congress intended.

Accordingly, Debtor's objection to FMCC's claim in this bankruptcy case will be overruled.

---

that claims are estimated for the purpose of confirmation. *See In re Taranovich*, No. 93–42152, 1994 WL 329429 (Bankr.M.D.Ga. June 30, 1994); 11 U.S.C. § 502(c). Where a claim is estimated, and the determination of its ultimate validity is postponed until after confirmation, res judicata will not prevent further litigation regarding the claim. The order of confirmation works together with the order on the claim to reserve consideration of the claim to a later date, so the issue cannot be said to have been finally determined.

**6.** *Colley* at 1009.

**7.** *Solomon v. Chynoweth*, 990 F.2d 527 (10th Cir.1993), citing *Standard Oil Co. of N.M. v. Standard Oil Co. of Cal.*, 56 F.2d 973, 975 (10th Cir.1932); *Cornetta v. United States*, 851 F.2d 1372, 1375 (Fed.Cir.1988).