In re MOORE, William I. and Moore, Patty A., dba Busy Bee Cleaning, Debtors.

Bankruptcy No. 93–00858.

United States Bankruptcy Court, D. Idaho.

May 9, 1995.

Harold Q. Noack, Jr., Boise, ID, for debtors.

Richard J. Hayden, Coeur d'Alene, ID, for Ford Motor Credit Co.

Terry L. Meyers, Givens Pursley & Huntley, Boise, ID, for trustee.

Gary McClendon, Staff Atty., Office of the U.S. Trustee, Boise, ID.

John Krommenhoek, Trustee.

## MEMORANDUM OF DECISION

ALFRED C. HAGAN, Bankruptcy Judge.

At issue is the debtor's motion for turnover of funds and Ford Motor Credit Company's motion for vacation of an order disallowing its claim.

### FACTUAL BACKGROUND

William I. Moore and Patty A. Moore (the "debtors") filed their petition for relief under Chapter 13 of Title 11 of the United States Code on March 26, 1993.

In Schedule D, the debtors listed a debt to Ford Motor Credit Company ("FMCC") in the amount of $23,011.22, secured by a 1992 Ford Explorer with a market value of $19,000.00. The debtors' Chapter 13 plan, filed

contemporaneously with their petition, showed the allowed amount the FMCC's secured claim as $19,000.00. The debtors' Chapter 13 plan, filed contemporaneously with their petition, showed the allowed amount the FMCC's secured claim as $19,000.00. In contrast, FMCC filed a proof of claim for $22,039.42 secured by the Ford Explorer, on April 26, 1993.

Due to an objection by the Internal Revenue Service, the debtors filed an amended plan on May 26, 1993 which increased the amount to be distributed to the Internal Revenue Service and the Idaho State Tax Commission. The amended plan again showed FMCC's allowed secured claim as $19,000.00. FMCC did not object to confirmation of either the plan or the amended plan. The confirmation hearing was held on June 9, 1993 and an order confirming the amended plan was entered without objection on July 28, 1993.

On August 18, 1993, the debtors filed an objection to FMCC's proof of claim, alleging the value of the collateral to be $19,000.00. The objection stated that if FMCC did not object within fifteen days from the date the objection was filed, an order would be entered disallowing the claim. FMCC did not respond to the objection. On October 18, 1993, the Clerk of the Court entered an order sustaining the debtors' objection.

In early 1995, Patty Moore lost control of the Ford Explorer and the vehicle was damaged beyond repair. The debtors' insurance company issued a check payable to the debtors and Ford in the amount of $21,667.00 and allowed the debtors salvage value for the vehicle in the amount of $1,530.00.

The trustee, the debtors and FMCC disagree as to the distribution of the insurance proceeds. The debtors filed a motion for turnover of funds and FMCC filed a motion to vacate the October 23, 1993 order disallowing its claim. At the April 10, 1994 hearing before this Court the Chapter 13 trustee made an oral motion to amend the plan. The trustee's motion has not yet been set for hearing.

### DISCUSSION

The debtors and the trustee contend FMCC is entitled to the difference between the principal paid to Ford under the plan and the allowed amount of its claim. However, the debtors claim the remainder of the funds and the trustee contends the debtors are only entitled to their $1,500.00 exemption and the remainder should be distributed to the general unsecured creditors pursuant to any amendment to the plan approved by this Court. FMCC contends it is entitled to the entire sum of $22,401.00.

**A. Is the Order Disallowing Ford's Claim Void or Voidable?**

A timely proof of claim is presumptively the amount of a creditor's claim, unless an objection is timely filed. 11 U.S.C. § 502(a). Where a secured creditor has filed a claim, the allowed value of the claim as set forth in the proof of claim may not be reduced by confirmation of a chapter 13 plan.[1] *Fireman's Fund Mortgage Corp. v. Hobdy (In re Hobdy)*, 130 B.R. 318, 321 (9th Cir. BAP 1991) (absent compliance with § 502(a), Chapter 13 plans are not *res judicata* with regard to the reduction of allowed secured claims).

Because the debtors did not object to FMCC's proof of claim before the plan was confirmed, the valuation of the FMCC's allowed secured claim as set forth in the Chapter 13 Plan does not govern the extent of FMCC's claim. *In re Hobdy*, 130 B.R. at 321. However, the debtors do not contend confirmation of the plan itself reduced the allowed value of FMCC's secured claim. Rather, the debtors contend the order disallowing the claim (entered after confirmation)

---

1. In *Fireman's Fund Mortgage Corporation v. Hobdy (In re Hobdy)*, 130 B.R. 318, 321 (9th Cir. BAP 1991), the panel held:

   Confirmed plans are normally considered final and binding pursuant to Code § 1327(a). However, ... [w]e do not believe the need for finality of confirmed plans extends to circumstances ... where a debtor misuses, whether or not intentionally, the plan confirmation process to reduce a valid claim without the requisite notice and opportunity to be heard. In any event, § 502(a) is the statutory provision which specifically governs questions of claims allowance and, consequently, should control over the more general policy considerations embodied in § 1327(a).

reduced the allowed value of FMCC's claim. Until reversed, vacated, or amended, that order is binding on FMCC.

█ FMCC contends the order disallowing its claim is void and therefore should be reconsidered and vacated.

Code section 502(j) provides:

A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case. ....

11 U.S.C. § 502(j).[2]

Where, as here, the time for appeal of the order has run, the courts have looked to Federal Rule of Civil Procedure 60(b)[3] for the standards for reconsideration of claims and the definition of "cause" under § 502(j). *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 227 (9th Cir. BAP 1995); *S.G. Wilson Company, Inc. v. Cleanmaster Industries, Inc. (In re Cleanmaster Industries, Inc.)*, 106 B.R. 628, 630–31 (9th Cir. BAP 1989); *In re Colley*, 814 F.2d 1008, 1010, *reh'g denied*, 818 F.2d 443 (5th Cir.), *cert. denied*, 484 U.S. 898, 108 S.Ct. 234, 98 L.Ed.2d 193 (1987). Rule 60 allows the Court to reconsider a judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial ...; (3) fraud ... or misconduct ...; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged ...; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year

after the judgment, order, or proceeding was entered or taken. ...

Fed.R.Civ.P. 60(b).

Federal Rule of Bankruptcy Procedure 9024, provides the one year time limitation of Rule 60(b) is not applicable to motions to reconsider the allowance or disallowance of claims. *See* footnote 2, *supra.* However, the requirement that the motion be made within a reasonable period of time remains applicable to such motions. Here, the order was entered and served on FMCC in October of 1993. During the over one year delay, the debtors have made plan payments in reliance on the order and FMCC has accepted payments from the Chapter 13 trustee. FMCC has not sought to justify its over one year delay in seeking to void the order. FMCC has not filed its motion for reconsideration on the grounds the order is void within a reasonable period of time after notice the order had been entered.

Nor is the entry of the order in fact void for lack of due processes. The due process clause of the Fifth Amendment requires notice be:

reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections.

*Citicorp Mortgage, Inc. v. Brooks (In re Ex-Cel Concrete Co.)*, 178 B.R. 198, 203 (9th Cir. BAP 1995), *quoting, Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). If the notice requirement is not satisfied, the order is void. *In re Center Wholesale*, 759 F.2d 1440, 1448 (9th Cir.1985).

Here, the entry of the order did not comply with Bankruptcy procedure in two respects. First, in *In re Ellifson*, 89 IBCR

---

**2.** Federal Rule of Bankruptcy Procedure 3008 provides:

A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order.

Fed.R.Bank.P. 3008.

**3.** Fed.R.Civ.P. 60(b) is made applicable to bankruptcy proceedings by Fed.R.Bankr.P. 9024:

Rule 60 F.R.Civ.P. applies in cases under the Code except that (1) a motion to reopen a case under the Code or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(b). ...

Fed.R.Bankr.P. 9024.

282, 283 (Bankr.D.Idaho 1989) and again in *In re Parker,* 148 B.R. 604, 606 (Bankr.D.Idaho 1992) this Court held that § 506 requires any hearing determining the allowed value of a secured claim must be made contemporaneously with, or prior to confirmation of the plan.[4]

Second, the disallowance of a claim requires notice and a hearing. 11 U.S.C. § 502(b).[5] Federal Rule of Bankruptcy Procedure 3007 provides:

> An objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing....

The debtors did not set the objection for hearing, nor did they give FMCC thirty days notice.[6] Accordingly, the debtors did not comply notice and hearing requirements of Fed.R.Bankr.P. 3007 or Code sections 502(b) and 506(a).

However, debtors' objection was properly served on FMCC and FMCC had actual notice of the objection. While the debtors' objection granted FMCC only fifteen days to respond, the order was not actually entered until over sixty days later. The order was also properly served on FMCC. Further, FMCC could have, within any reasonable time thereafter, moved to have the order vacated. Accordingly, the order is not void for lack of due process. *Cf. In re Ex–Cel,*

178 B.R. at 205 (order issued without notice to creditor was void due to lack of *In personam jurisdiction.*)

FMCC also contends the insurance proceeds themselves are new evidence which justifies reconsideration of the order. However, the distribution of the proceeds reflects only the insurance company's opinion as to the current value of the Ford Explorer. An appraisal from the insurance company could have been obtained at the time the order was entered. Thus it is not "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial ..." Nor is the additional evidence sufficient to justify reopening the matter over one year later after the debtor has been making payments for over one year. Lastly, it is not clear whether the insurance company appraised the vehicle for replacement value or at wholesale cost.

Therefore, FMCC's motion to vacate the order disallowing its claim will be DENIED. Accordingly, FMCC is entitled to the difference between the amount of principal paid by the Trustee to date and the allowed amount of its claim. The allowed amount of FMCC's claim is $19,000.00.

**B. Are the Unsecured Creditors Entitled to the Remainder?**

■ The debtors contend the remainder of the proceeds not distributed to FMCC should be returned to the debtors. *See* 11 U.S.C. § 1325(1)(b). The trustee contends the insurance proceeds are income and therefore

---

**4.** The trustee questions whether an objection to a secured claim must be made at or prior to confirmation where the proof of claim is not filed until after confirmation of the plan. This issue is yet to be determined. However, as FMCC's proof of claim was filed several months before the plan was confirmed, this issue is not addressed.

**5.** Code section 502(b) provides in relevant part:

> Except as provided in subsection (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, **after notice and a hearing,** shall determine the amount of such claim ...

(emphasis added).
11 U.S.C. § 502(b).

**6.** The debtors contend notice was proper under Local Bankruptcy Rule 2002.2 (formerly L.C.

310 (1991)) governs notice of all matters with provision for a hearing. L.R. 2002.2(a). Subsection 2002.(d) (formerly subsection 310(d)) provides:

> **If authorized by the Bankruptcy Code or Federal Rules of Bankruptcy Procedure, or if allowed by the court, an actual hearing may not be required.** In all such instances, the moving party shall, in the notice, so advise all parties receiving notice that an order may be entered without hearing. The moving party shall provide not less than fifteen (15) days within which any party in interest may object, unless a longer period is required by order of a judge or under applicable Federal Rule of Bankruptcy Procedure, or such period is shortened by order of a judge.

An objection to a claim requires a hearing. 11 U.S.C. 502(b). Thus, the exception provided in L.R. 2002.2(d) does not apply.

the plan should be amended to provide for the payment of the proceeds to the unsecured creditors.[7]

Regardless of whether the proceeds are income as contemplated by § 1325(b)(1), the destruction of the Ford Explorer and distribution of the proceeds to the debtors is arguably the type of "substantial change" justifying modification of the plan under § 1329. Therefore, the trustee shall continue to hold the remainder of the funds until his motion to modify the plan is determined.

The debtors and the trustee shall have fifteen days to file their respective motions to amend. A hearing to determine the motions is scheduled for June 6, 1995, at 9:30 A.M.

In the event the trustee does not file an amended plan within fifteen days, the trustee shall return the insurance proceeds not due FMCC to the debtors forthwith.

---

**7.** The trustee acknowledges that absent an amendment to the plan, the debtor cannot be required to pay the proceeds to the trustee. *See, Anderson v. Satterlee (In re Anderson)*, 21 F.3d 355, 358 (9th Cir.1994):

[T]he Trustee argues that the $800 projection does not assure that the Andersons will pay all actual disposable income during the life of the plan. This argument has a fatal flaw: § 1325(b)(1)(B) does not require debtors to give such an assurance. Instead, § 1325(b)(1)(B) requires provision for "payment of all projected disposable income" as calculated at the time of confirmation, and we reject the Trustee's attempt to impose a different, more burdensome requirement on the debtors' plan as a prerequisite to confirmation. Moreover the Trustee's efforts to force the Andersons to agree to a periodic adjustment of their payments without a court order is inconsistent with the procedures established for modifying a debtor's plan. *See* 11 U.S.C. § 1329.