**In re Frederic R. STARLING, Debtor.**

**No. 99–34550–BKC–SHF.**

United States Bankruptcy Court, S.D. Florida, West Palm Beach Division.

Aug. 9, 2000.

Craig Sackler, Fort Lauderdale, FL, for Debtor.

Mitchell J. Nowack, Faber & Gitlitz, P.A., Coral Gables, FL, for Chase Manhattan Corporation.

Robin R. Weiner, Fort Lauderdale, FL, trustee.

### ORDER OVERRULING DEBTOR'S OBJECTION TO CLAIM FILED BY CHASE MANHATTAN MORTGAGE CORPORATION

STEVEN H. FRIEDMAN, Bankruptcy Judge.

This cause came on to be heard on July 13, 2000, upon the Debtor's objection to the claim filed by Chase Manhattan Mortgage Corporation ("Chase"). The Debtor objects on the basis that the amount of the claim asserted by Chase as the arrearage due by the Debtor is overstated. Chase argues that the Debtor waived the right to object to Chase's claim by not objecting prior to confirmation of the Chapter 13 Plan. Chase also asserts that the doctrine of res judicata bars this claim from being relitigated. Upon reviewing the files; hearing argument of counsel; and being fully advised in the matter, the Court over-rules the Debtor's objection to Chase's claim.

### FACTS

This case was commenced upon the Debtor's filing of his chapter 13 petition on September 15, 1999. Soon thereafter, Debtor filed a chapter 13 plan. Among its provisions, the chapter 13 plan proposed payments to Chase, a secured creditor holding a first mortgage against the Debtor's home, of an arrearage amount totaling $11,433.96. Chase timely filed a proof of claim and then an objection to the confirmation of the chapter 13 plan. Chase's claim asserts an arrearage amount of $18,-960.76. Chase's objection to confirmation of the plan was based on the failure of the chapter 13 plan to provide for full payment of Chase's secured claim.

Following Chase's objection to confirmation, the parties resolved the issue with an amendment to the chapter 13 plan, providing for full payment of the arrearage claimed by Chase in the amount of $18,-960.76. This amended plan ("Plan"), titled by the Debtor as the Second Amended Chapter 13 Plan, was confirmed on December 16, 1999. Thereafter, on June 8, 2000, Debtor filed the objection at issue. The Debtor objects to Chase's $18,960.76 claim as excessive because Chase has allegedly failed to credit the Debtor for previous payments made by the Debtor in the amount of approximately $8,000. Chase responds by raising the defenses of waiver and res judicata. The issue before the Court is whether the Debtor may object to a claim, treated under a chapter 13 plan, once the plan has been confirmed.

### DISCUSSION

Pursuant to 11 U.S.C. § 502(a), a properly filed claim is allowed unless a party in interest objects. While no specific time limit to file an objection to a proof of claim is provided in Bankruptcy Rule 3007, many courts have held that an objection to a proof of claim must be filed prior

to confirmation of the plan.[1] *See, e.g., In re Justice Oaks II, Ltd.*, 898 F.2d 1544 (11th Cir.1990); *Eubanks v. FDIC*, 977 F.2d 166 (5th Cir.1992); *In re Clark*, 172 B.R. 701 (Bankr.S.D.Ga.1994). The reasoning offered in these cases is that confirmation of a plan renders that plan binding on the debtor and the creditors. *See* 11 U.S.C. § 1327(a). The binding effect of confirmation of the plan is essential in serving the objective of the confirmation process, which is to achieve finality. *See In re Sanders*, 243 B.R. 326, 331 (Bankr. N.D.Ohio 2000); *In re Clark*, 172 B.R. 701, 705 (Bankr.S.D.Ga.1994). "Confirmation is the bright line in the life of a Chapter 13 case at which all the important rights of creditors and responsibilities of the debtor are defined and after which all rights and remedies must be determined with reference to the plan." *Sanders*, 243 B.R. at 330 (quoting Lundin, K.M., Chapter 13 Bankruptcy, § 6.9, 6–4 and 6–5).

In the instant case, Chase properly filed its proof of claim and filed an objection to confirmation of the Debtor's initial chapter 13 plan. The Debtor, instead of objecting to Chase's claim, amended his chapter 13 plan to conform to Chase's claim. The Plan was then confirmed. The confirmation order effectively bound both Chase and the Debtor to the terms of the plan, as section 1327(a) of the Bankruptcy Code provides that "[t]he provisions of a confirmed plan bind the debtor and the creditor, whether or not such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." The Debtor had the opportunity to object to Chase's claim and to adjudicate the amount of the arrearage owed to Chase prior to the confirmation hearing but failed to do so. To allow the Debtor to object, months after the plan has been confirmed, would contradict the "finality" objective of the confirmation process and would overlook the express language of section 1327(a) of the Bankruptcy Code. Thus, the Debtor waived the right to object to Chase's claim by failing to obtain an adjudication on the amount of the claim prior to confirmation of the Second Amended Chapter 13 Plan. *See Justice Oaks II, Ltd.*, 898 F.2d at 1553.

 As to Chase's assertion that the Debtor's objection is barred by the doctrine of res judicata or claim preclusion,[2] the confirmation of the plan does have a preclusive effect. In *In re Justice Oaks II, Ltd.*, the Eleventh Circuit set out the requirements that must be satisfied in order for re-adjudication of a claim to be

---

1. In this jurisdiction, the confirmation process can be expedited. "Pursuant to Administrative Order 99–2, if no objection to confirmation is timely raised at or before the meeting of creditors, the plan may be confirmed as unopposed and no formal confirmation hearing will be held." Local Form B91–1–New (Chapter 13 Case) (Local Form for Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, Deadlines & Court's Confirmation Procedures). Since a plan can be confirmed prior to the bar date for the filing of proofs of claim, it is incumbent upon creditors treated under the chapter 13 plan to object to confirmation or be bound thereby. *See* Local Rule 3015–3(A).

2. Although the term res judicata is often used, it is not "traditional claim preclusion" but rather the preclusive effect of § 1327(a) that applies. *See In re Sanders*, 243 B.R. 326, 328 (Bankr.N.D.Ohio 2000). "Unlike claim preclusion, § 1327 does not bar the entire action." *Sanders*, 243 B.R. at 328 (quoting *In re Welch*, 1998 WL 773999 (6th Cir.1998)). The requirements of issue preclusion, as articulated by the Eleventh Circuit, are: (1) the issues must be identical; (2) the issue must have been actually litigated; and (3) the decision in the prior litigation must have been essential to the prior action's judgment. *See In re Halpern*, 810 F.2d 1061, 1064 (11th Cir.1987). "Preclusion under § 1327 is somewhat harsher than common law issue preclusion, however. At common law the litigation of an issue is precluded only if that issue was actually litigated and decided and if the determination of that issue was necessary to the judgment in a previous action between the parties." *Sanders*, 243 B.R. at 328 (quoting *In re Welch*, 1998 WL 773999 (6th Cir.1998)). Under § 1327 preclusion, any issues that have been raised or that could have been raised prior to or during confirmation are precluded from litigation after confirmation. *See Sanders*, 243 B.R. at 328; *Clark*, 172 B.R. at 703.

precluded. 898 F.2d at 1550. First, the prior judgment must have been entered by a court of competent jurisdiction. Second, there must have been a final judgment on the merits. Third, the parties involved must be the same. Fourth, the causes of action must be identical.

While the *Justice Oaks II, Ltd.* case involved a Chapter 11 case and an objection to a claim under the confirmed plan by guarantors of the debtor, the case of *In re Clark,* 172 B.R. 701 (Bankr.S.D.Ga. 1994), applied the *Justice Oaks II, Ltd.* holding to a debtor's objection to a confirmed chapter 13 plan. In *Clark,* a creditor's claim, which was listed on the debtor's schedules as unsecured, was designated in the debtor's plan as secured. *See Clark,* 172 B.R. at 703. The debtor's plan was confirmed. Approximately eight months later, the debtor objected to the creditor's secured status. The court overruled the debtor's objection to the creditor's claim, and in doing so, the court reasoned:

> Under section 1327(a), the order of confirmation fixes the rights of all parties and binds them to the terms of the plan. Just as creditors are bound by the treatment afforded their claims, the debtor is likewise bound by the same terms. Upon confirmation, res judicata bars the assertion of any cause of action or objection which was raised, or could have been raised, prior to confirmation. The only rights which may be asserted by a party after confirmation are those provided for in the plan.

*Clark,* 172 B.R. at 703 (footnotes and citations omitted).

All four of the elements of res judicata are satisfied in the instant case. There is no doubt that the bankruptcy court was of competent jurisdiction to enter the order confirming the Plan. *See id.* Additionally, it is well settled that a bankruptcy court's order confirming a plan constitutes a final judgment on the merits. *See id.; Eubanks v. FDIC,* 977 F.2d 166, 170 (5th Cir.1992). Both Chase and the Debtor were parties involved in the confirmation of the Plan. Lastly, the causes of action are identical in that the portion of the arrearage amount which the Debtor currently disputes ($8,000) is approximately the same as the difference between the arrearage amount contained in the Debtor's original proposed plan ($11,433.96) and the arrearage amount contained in the Debtor's Second Amended Chapter 13 Plan ($18,960.76). Thus, the amount of Chase's claim was resolved by the parties prior to the confirmation of the amended plan, and the confirmation of the amended plan has a preclusive effect on any litigation as to the amount of Chase's claim.

The reasoning in the *Clark* case is instructive in the instant case, even though some courts have declined to extend the binding effect of confirmation to bar litigation concerning the amount of a claim treated under a confirmed plan.[3] The Debtor's original plan provided for payments to Chase in an amount approximately $8,000 less than that asserted by Chase in its proof of claim. Debtor amended the plan to conform to Chase's claim, and the amended plan was confirmed. Following the reasoning of *Clark,* confirmation binds the Debtor, just as it does the creditor, to the terms of the amended plan. The Debtor's objection to Chase's claim is barred because the Debtor could have and should have raised this objection prior to confirmation. Accordingly, it is

ORDERED the Debtor's objection to the claim filed by Chase Manhattan Mortgage Corporation is overruled. The amount of the arrearage due to Chase on its note and mortgage as of the petition date is determined to be $18,960.76.

---

3. *See In re Hobdy,* 130 B.R. 318 (9th Cir. BAP 1991); *In re Barton,* 249 B.R. 561 (Bankr. E.D.Wash.2000); *In re Moore,* 181 B.R. 522 (Bankr.D.Idaho 1995). These cases are factually distinguishable from the instant case, and therefore, provide little guidance.