**In re SWANSON, Edward, Debtor.**

**No. 6:03–BK–00457–KSJ.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

March 23, 2004.

Laurie K. Weatherford, Winter Park, FL, trustee.

Stuart Ferderer, Orlando, FL, for debtor.

*MEMORANDUM OPINION OVERRULING DEBTOR'S OBJECTION TO ABN AMRO MORTGAGE GROUP INC.'S CLAIM NUMBER TWO*

KAREN S. JENNEMANN, Bankruptcy Judge.

This case came on for hearing on December 17, 2003, on the Debtor's Objection to Claim Number 2 filed by ABN AMRO Mortgage Group, Inc. ("ABN AMRO") (the "Objection") (Doc. No. 29) and ABN AMRO's Response to Debtor's Objection to Proof of Claim (the "Response") (Doc. No. 32). Because the objection was untimely, the objection is overruled.

The facts are undisputed. The debtor filed this Chapter 13 case on January 16, 2003. ABN AMRO holds the mortgage on the debtor's residence. ABN AMRO was included as a creditor in this case and received timely notice of the bankruptcy filing; however, ABN AMRO improperly continued with a foreclosure action post-petition and incurred fees and costs of $625.

These post-petition fees and costs were included in the proof of claim filed by ABN AMRO on March 19, 2003 (Claim No. 2). Although the debtor had ample notice of the claim, the debtor did not file an objection to the claim prior to the confirmation

hearing, which was held on August 19, 2003. The debtor's plan was confirmed, and a confirmation order was entered on August 22, 2003. The plan and confirmation order both provide that ABN AMRO's claim would be paid in full, including the $625 attributable to the post-petition foreclosure fees and costs. Approximately ten days *after* the confirmation hearing, the debtor finally filed his objection (Doc. No. 29) to the post-petition foreclosure fees and costs included in ABN AMRO's proof of claim. The objection was filed on August 28, 2003.

ABN AMRO argues that, even if the foreclosure fees and costs of $625 were improperly incurred after this bankruptcy case was filed and the automatic stay was in place, the objection by the debtor to the proof of claim was untimely. Thus, the single issue presented here is whether the debtor can object to a claim after a confirmation order is entered when the confirmed plan and related order provides for payment of the claim. The Eleventh Circuit recently addressed this issue, among many others, in *Universal Am. Mort. Co. v. Bateman (In re Bateman)*, 331 F.3d 821 (11th Cir.2003).

Reducing the case to a minimum, in *Bateman*, on November 26, 1996, the debtor filed a Chapter 13 bankruptcy petition and a plan of reorganization. Approximately two and one half months later, the debtor filed an amended plan. Both the initial and amended plans provided that a creditor holding a mortgage secured by the debtor's principal residence, Universal American Mortgage Company ("Universal"), would receive payment in the amount of $21,600.[1] After the debtor's initial plan was filed but prior to the filing of the

---

1. The debtor noted in the plan that a dispute existed surrounding a portion of Universal's claim.

amended plan, Universal timely filed a proof of claim for $49,178.80. Universal did not file any objection to the debtor's initial or amended plans and did not attend either the 341 meeting of creditors or the confirmation hearing. On March 14, 1997, the bankruptcy court entered an order confirming the debtor's amended plan, which provided payment to Universal in the lesser amount of $21,600.

Approximately one year after the debtor's plan was confirmed, the Chapter 13 trustee notified the debtor of the discrepancy between Universal's proof of claim amount requesting $49,178.80 and the plan amount paying only $21,600. On May 7, 1998, over a year after confirmation, the debtor filed an objection to Universal's claim. Universal responded by filing a motion to dismiss the debtor's bankruptcy case. The Eleventh Circuit Court of Appeals affirmed the denial of Universal's motion to dismiss, and further ruled that, while the plan was erroneously confirmed because it impermissibly modified the rights of a homestead mortgagee,[2] the parties nevertheless were bound, under Bankruptcy Code[3] Section 1327(a), by the terms of the confirmed plan providing payment of only $21,600 to Universal. *Bateman*, 331 F.3d at 829–830. However, the court also ruled that Universal's secured arrearage claim would survive the bankruptcy unimpaired in part because the debtor did not timely file an objection to Universal's $49,178.80 claim prior to confirmation. *Bateman*, 331 F.3d at 826, 832.

In *Bateman*, the Eleventh Circuit cited its previous decision in *In re Justice Oaks, II, Ltd.*, 898 F.2d 1544, 1553 (11th Cir. 1990) and a bankruptcy case from the

Southern District of Florida, *In re Starling*, 251 B.R. 908, 909–10 (Bankr.S.D.Fla. 2000), for the proposition that an objection to a proof of claim must be filed *prior to* plan confirmation. *Bateman*, 331 F.3d at 827 (*emphasis in original*). In *Justice Oaks*, one of the many issues the court decided was that guarantors of a mortgage debt waived their right to object to the classification of a mortgage lender's claim in the debtor's plan by failing to object to the claim prior to confirmation. *Justice Oaks*, 898 F.2d at 1553 (*citing Simmons v. Savell (In re Simmons)*, 765 F.2d 547, 553–54 (5th Cir.1985) (timely filed proof of secured claim was deemed allowed where no objection to that claim was filed prior to confirmation of plan which incorrectly listed secured claim as unsecured but disputed; plan was erroneously confirmed)). In *Starling*, the court overruled the debtor's post-confirmation objection to a claim the debtor alleged was overstated by $8,000 on the basis that the "[d]ebtor could have and should have raised this objection prior to confirmation." *Starling*, 251 B.R. at 911.

To summarize, the general rule set forth in *Bateman, Justice Oaks*, and *Starling*, cases involving untimely, post-confirmation objections to proofs of claim, and *Simmons*, a case involving the failure to object to a proof of claim altogether, is clear: a party in interest who fails to raise an objection to a claim prior to confirmation in a Chapter 11 or 13 case forfeits the right to object to the claim. Creditors and debtors alike are bound by the terms of a confirmed plan. In reaching this conclusion, the cases cited above have examined the plain language and interplay of Sections 502(a)[4] and 1327(a)[5] of the Bank-

---

**2.** Bankruptcy Code Section 1322 prohibits any modification of a homestead mortgagee's rights in a Chapter 13 plan.

**3.** Unless otherwise stated, all references to the Bankruptcy Code refer to Title 11 of the United States Code.

**4.** Bankruptcy Code Section 502(a) provides, in relevant part, as follows:

ruptcy Code and Bankruptcy Rule 3001(f) [6] and have determined that a filed claim is prima facie evidence of the validity and amount of the claim and is deemed allowed unless a party in interest timely objects. *Bateman*, 331 F.3d at 827; *Starling*, 251 B.R. at 910.

The court does note one significant *caveat*. In each of the cited cases and in this case, the claim at issue was timely filed. All parties had notice of the requested claim amount and ample opportunity to object. If, in a future case, a claim is filed or amended on the eve of a confirmation hearing, and the aggrieved party is not given a reasonable time to object, a different result will necessarily follow. The sanctity and efficacy of a bar date for objections to claims must cede to concerns of due process when an aggrieved party, in reality, cannot timely object or for good cause or equitable reasons shows a basis to file a belated objection. Stated differently, the bar imposed on untimely objections is not jurisdictional, but can be waived or extended in the interest of equity and justice, for good cause shown.

Other exceptions to the general rule also may exist, particularly in Chapter 11 cases. In the recent decision of *In re Hovis*, 356 F.3d 820 (7th Cir.2004), the Court of Appeals for the Seventh Circuit recognized that some claims are incapable of evaluation prior to the confirmation hearing. In those cases, the confirmation order or underlying plan of reorganization can provide for a claims resolution process

that occurs *after* confirmation, if needed in a particular case. However, absent such provisions or any other equitable exception, the general rule that post-confirmation objections to claims are untimely controls.

Here, however, the debtor had several months notice of ABN AMRO's claim and did not object until *after* the confirmation hearing and *after* the order confirming the plan was entered. The objection was untimely. The Court acknowledges that the post-petition foreclosure fees and costs of $625 likely would have been disallowed if a timely objection had been filed. However, the basis of the objection is not at issue here. Rather, it is the timeliness of the objection. An order confirming the debtor's plan was entered on August 22, 2003, and no appeal of that order was taken. The debtor has waived the right to object to the payment of the improperly incurred fees and costs by failing to file a timely objection to those amounts prior to confirmation of the plan. The Confirmation Order is final and is *res judicata* as to amounts owed by the debtor to ABN AMRO. Therefore, the Objection is overruled. A separate order consistent with this ruling shall be entered.

---

A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest... objects.

5. Bankruptcy Code Section 1327(a) provides as follows:

The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by

the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

6. Bankruptcy Rule 3001(f) provides as follows:

A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim.