**In re Jesse CUSHION, Jr. and Viola Gettis Cushion, Debtors.**

No. 05–15772–3F3.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Aug. 28, 2006.

---

Albert H. Mickler, Jacksonville, FL, for Debtors.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

JERRY A. FUNK, Bankruptcy Judge.

This case came before the Court upon Debtors' Objection to Claim 3 of National City Mortgage Co. The Court conducted a hearing on the matter on July 12, 2006. In lieu of oral argument, the Court directed the parties to submit memoranda in support of their respective positions. The Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

Debtors filed a Chapter 13 bankruptcy petition on December 1, 2005. Debtors listed National City Mortgage Co. ("National") on their Schedule D as a secured creditor with a first mortgage lien on their principal residence. On December 2, 2005 the Court entered Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines (the "Notice of Case"), which scheduled the confirmation hearing on the Chapter 13 plan for February 21, 2006. The Notice of Case set the deadline for filing claims for non-governmental creditors for April 10, 2006 (the "Claims Bar Date"). On December 7, 2005 Debtors filed a Chapter 13 plan which provided for the regular monthly payment of $1,515.13 to National and the payment of a $5,880.95 arrearage during months 13–60 of the Chapter 13 plan.

On January 11, 2006 National filed a proof of claim which the Clerk designated as Claim 3. Claim 3 asserted a total secured claim of $153,484.16, including an arrearage claim of $14,327.14. The Court conducted the confirmation hearing on February 21, 2006. At the hearing Debtors amended their Chapter 13 plan to provide for payment of the $14,327.14 arrearage during months 13–60. The Court orally confirmed the plan and entered Order Confirming Chapter 13 Plan Allowing Claims and Directing Distribution (the "Confirmation Order") on March 23, 2006.

On April 17, 2006 Debtors filed Objection to Claim 3 asserting that Claim 3 included unexplained and illegal charges. On May 10, 2006 National filed a response which asserted that Debtors' Objection to Claim 3 was untimely because it was filed after the Confirmation Order. On July 12, 2006 the Court conducted a hearing on the matter. At the conclusion of the hearing the Court directed the parties to submit memoranda on the issue of the finality of

the Confirmation Order as it related to the Objection to Claim 3.

### CONCLUSIONS OF LAW

▮▮▮▮ The binding effect of confirmation of a Chapter 13 plan is a basic tenet of bankruptcy law. Section 1327(a) of the Bankruptcy Code provides that "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." A Chapter 13 debtor who has an opportunity to object to a creditor's claim prior to confirmation but fails to do so waives the right to object to the claim and is bound by the confirmation order. *In re Swanson*, 307 B.R. 306, 308–309 (Bankr.M.D.Fla.2004); *In re Starling*, 251 B.R. 908, 911 (Bankr.S.D.Fla.2000). Such a waiver does not apply to a claim, which is filed on the eve of confirmation and thus does not provide the debtor a reasonable opportunity to object. *Swanson*, 307 B.R. at 309 (noting that "the sanctity and efficacy of a bar date for objections to claims must cede to concerns of due process when an aggrieved party, in reality, cannot timely object . . .").[1] In the instant case because Claim 3 was filed on January 11, 2006 and the confirmation hearing was on February 21, 2006, Debtors had over a month to file an objection thereto. If Debtors had objected to Claim 3 prior to confirmation, the Court would have continued the confirmation hearing to permit the resolution thereof or gone forward with the confirmation hearing with a reservation of jurisdiction to adjudicate Claim 3. Instead, Debtors elected to amend their plan at the confirmation hearing to provide for the full payment of Claim 3. The Court finds that Debtors waived their right to object to Claim 3 and are bound by the treatment thereof.

▮▮▮▮ Debtors seek reconsideration of Claim 3 pursuant to § 502(j). Section 502(j) permits reconsideration of the amount of a claim allowed at confirmation if the debtor can establish cause for his failure to timely object to the claim. *In re Gomez*, 250 B.R. 397, 400 (Bankr.M.D.Fla. 1999). In determining whether cause exists to reconsider a claim that was deemed allowed by a confirmation order without an objection to claim, courts consider the following factors: 1) the extent and reasonableness of the delay; 2) the prejudice to any party in interest; 3) the effect on efficient court administration; and 4) the moving party's good faith. *Id.* at 401.

First, Debtors assert that their delay in objecting to Claim 3 was reasonable because in light of the date set for the confirmation hearing, their objection to Claim 3 could not have been decided prior to the confirmation hearing. Whether the objection would have been decided or even heard prior to the confirmation hearing is irrelevant. Debtors were clearly aware that the amount of Claim 3 differed from what they proposed to pay National because they amended their plan to provide for the difference. The Court concludes that Debtors made a conscious, albeit ultimately erroneous decision to postpone filing their Objection to Claim 3. The Court finds that Debtors' delay in objecting to claim 3 was not reasonable.

The Court recognizes that National would not be prejudiced by the Court permitting Debtors to object to Claim 3 and that Debtors have acted in good faith. Nonetheless, the Court concludes that

---

1. Because most Chapter 13 confirmation hearings will now occur prior to the claims bar date, such a waiver will of course not apply to claims filed after the confirmation hearing.

these factors do not outweigh the fact that Debtors offered no good reason for not objecting to Claim 3 prior to confirmation. The Court finds that Debtors failed to establish cause for their failure to timely object to Claim 3 and will therefore not reconsider its allowance pursuant to § 502(j). The Court will enter a separate order consistent with these Findings of Fact and Conclusions of Law.

## ORDER OVERRULING DEBTORS' OBJECTION TO CLAIM 3

This case came before the Court upon Debtors' Objection to Claim 3 of National City Mortgage Co. Upon Findings of Fact and Conclusions of Law separately entered, it is

**ORDERED:**

1. Debtors' Objection to Claim 3 of National City Mortgage Co. is overruled.

2. Claim 3 is allowed as filed and as provided for in the Order Confirming Chapter 13 Plan Allowing Claims and Directing Distribution dated March 23, 2006.