A separate order will be entered in conformity with this memorandum opinion.

In the Matter of Peggy Jo MARLOW, SSN: 416–58–7752, Debtor.

Peggy Jo MARLOW, Plaintiff,

v.

SWEET ANTIQUES, United States of America, IRS, Malornis Picture Decor, Defendants.

Bankruptcy No. 96–83663–JAC–13.
Adversary No. 97–80354–JAC–13.

United States Bankruptcy Court, N.D. Alabama, Northern Division.

Jan. 27, 1998.

Robert E. Long, Decatur, AL, for Plaintiff.

Brenton Morris, Birmingham, AL, for Defendant.

William N. Pitts, Trustee.

## MEMORANDUM OPINION

JACK CADDELL, Bankruptcy Judge.

This cause came on to be heard on motion filed by plaintiff, Peggy Jo Marlow ("Marlow"), for summary judgment on her complaint against defendant, Malornis Picture Decor ("Malornis"), seeking (1) a determination that the judgment lien obtained by Malornis against Marlow is void pursuant to 11 U.S.C. § 547 as a preferential transfer, (2) the turnover of funds paid by the trustee to Malornis as a secured creditor pursuant to 11 U.S.C. § 542, and (3) a determination regarding the validity, extent and priority of the subject lien pursuant to Bankruptcy Rule 7001(2).[1] The hearing in this matter was held on the 14th day of January 1998 at which attorney for Marlow, Robert Long, Esq., and attorney for Malornis, Brenton Morris, Esq., were present. At the conclusion of the hearing, the Court took this cause under advisement and now renders the following memorandum opinion and order granting summary judgment pursuant to Bankruptcy Rule 7056 in favor of the defendant, Malornis, upon finding that there is no genuine issue as to any material fact and that the defendant is entitled to a judgment as a matter of law as the confirmation order in this case constitutes res judicata as to all

---

1. On December 18, 1997, the Court entered an order on counts three and four of the complaint granting final judgment thereon pursuant to Rule 54(b) and approving the sale of the property at issue, distributing the proceeds therefrom to defendants, Sweet Antiques and the United States of America, Department of Revenue, Internal Revenue Service, according to their respective liens on same, and releasing all other liens, including the lien held by Malornis, against the property. The order was amended on January 16, 1998 for the limited purpose of correcting a clerical error as to the amount of the sale from $27,750.00 to $27,500.00. The remaining issues before the Court are those raised in counts one and two of the complaint against Malornis.

justiciable issues which were or could have been raised at confirmation.[2]

The Court has jurisdiction over debtor's chapter 13 case pursuant to 28 U.S.C. § 1334(a) and over this adversary proceeding, a core proceeding, pursuant to 28 U.S.C. §§ 157(b)(1) and (2)(E), (F) and (K). Jurisdiction is delegated by the standing Order of Reference of the United States District Court, Northern District of Alabama.

## I. FINDINGS OF FACT

On July 18, 1996, Malornis obtained a judgment against Marlow in the Circuit Court of Cullman County, Alabama and recorded a certificate of judgment on or about September 18, 1996 in the Office of the Probate Judge of Cullman County, Alabama. On November 5, 1996, Marlow filed a voluntary petition for relief under chapter 13 of Title II the United States Code ("Bankruptcy Code"). On November 25, 1996, the Court entered an order appointing William N. Pitts as trustee in the chapter 13 case.

The deadline for filing proofs of claim for non-governmental creditors was April 14, 1997 and May 5 of the same year for governmental units. On January 14, 1997, Malornis filed a proof of claim in debtor's chapter 13 case for $20,741.20 as a secured creditor by virtue of its recorded judgment.

The Court entered an order confirming Marlow's chapter 13 plan on January 21, 1997 pursuant to 11 U.S.C. §§ 1322 and 1325.[3] The terms of Marlow's confirmed plan, provide that the trustee is to pay—

properly filed secured claims, then the properly filed priority claims, then any properly filed claims being sub-classed. The remaining monies received by the Trustee shall then be distributed pro rata to properly filed unsecured claims.

Under the terms of Marlow's confirmed plan, Malornis has received payments from the trustee as a secured creditor.

Upon the expiration of the deadline to file proofs of claim, the trustee filed a motion to allow claims with an attached order approving claims and setting a deadline of twenty days from the date of the order to file a written objection to any claim and/or a motion for valuation of collateral securing any claim or any other matter affecting any claim. The Court entered the order on June 2, 1997. The order provided that "[t]he absence of a timely written objection will be deemed an approval by the debtor(s) of the claims as recited above." The motion to allow claims scheduled the claim of Malornis as a secured claim in the amount of $20,-741.20.

On October 28, 1997, Marlow filed the present adversary proceeding seeking in part to set aside the judgment lien held by Malornis pursuant to § 547 of the Bankruptcy Code as being a voidable preference. On December 19, 1997, approximately six

---

**2.** This memorandum opinion constitutes findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52.

**3.** In the Northern division of the Northern District of Alabama, it is local practice to hold confirmation hearings on the same day as the § 341 meeting of creditors. If a party in interest attends the meeting of creditors and that party needs additional time to determine if an objection to confirmation is appropriate, upon a verbal request, the trustee may continue the meeting for a reasonable time to allow the party in interest to file a written objection to confirmation. *See* Bankruptcy Rule 3015(f) and Local Rule 3015-1(b). After the § 341 meeting, if there is no objection to confirmation, the trustee transmits the order of confirmation to the clerk's office. The confirmation order provides as follows:

Each creditor must file a written proof of claim in the form provided by law in order to participate in disbursements herein. Claims will be paid as duly filed, without hearing, unless the debtor or attorney for debtor or trustee files a written objection, in which case a hearing upon such claim(s) will be held to determine the allowed amount of the claim(s). Upon the expiration of the governmental claims bar date, the chapter 13 trustee files a motion to allow claims with an attached order which provides that any party in interest has twenty days within which to file an objection to claim or motion to value or the claims shall be allowed as scheduled in the motion to allow claims. If an objection to claim or motion to value is not filed within the proscribed time, the claims are deemed allowed as filed.

months after the deadline for objecting to claims, Marlow filed an objection to the allowance of the claim of Malornis as being a voidable preference.

Marlow now seeks summary judgment against Malornis declaring the judgment lien of defendant to be null and void. In defense, Malornis raised the res judicata effect of the confirmation order entered on January 21, 1997 and the order allowing claims entered on June 2, 1997.

## II. CONCLUSIONS OF LAW

While Marlow filed the present action within the time prescribed pursuant to 11 U.S.C. § 546, the Court finds that the action is, nevertheless, barred by the doctrine of res judicata as the debtor failed to file a timely objection to the claim of Malornis and failed to reserve the present cause of action in the order confirming her chapter 13 plan of reorganization.

### A. Marlow filed the instant proceeding within the statute of limitations prescribed by § 546(a).

The Bankruptcy Code sets forth times within which various claims must be asserted. Under 11 U.S.C. § 546(a), as amended in 1994, the time for filing a § 547 preference action or proceeding is the earlier of (1) two years from the entry of an order of relief or one year after the appointment of the first trustee if such appointment occurs before the expiration of the original two-year period, whichever occurs later; or (2) when the case is closed or dismissed.[4]

The trustee in the present case was appointed the same month the order for relief was entered and the case has not been closed or dismissed. Hence, the statute of limitations period for filing a preference action in this case shall expire two years after the entry of the order for relief, or November 5, 1998, unless the case is closed or dismissed prior to said time. As the debtor filed the present action on October 28, 1997, this proceeding was filed within the time prescribed under § 546(a)(1)(A).[5] Such finding does not, however, end the Court's inquiry as to whether the debtor can maintain the present cause of action as other intervening principles of equity exist. See Freedom Ford, Inc. v. Sun Bank and Trust Co. (In re Freedom Ford, Inc.), 140 B.R. 585, 587 (Bankr. M.D.Fla.1992) (finding that a chapter 11 debtor-in-possession had until the case was closed or dismissed to bring an adversary proceeding under § 546(a), as it existed prior to 1994, unless some other equitable principles intervened).

### B. Marlow's confirmed plan is res judicata as to the remaining issues presented by this adversary proceeding as such were justiciable issues which should have been raised prior to confirmation and reserved by debtor's confirmed plan.

Marlow is precluded by the doctrine of res judicata from pursuing an action to void the judgment lien held by Malornis as the creditor's claim has been allowed by the order confirming debtor's chapter 13 plan and the order allowing claims. Section 1327 of the Bankruptcy Code describes the effect of confirmation in a chapter 13 case as follows:

(a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not

---

4. Section 546(a) provides as follows:
(a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—
(1) the later of—
(A) 2 years after the entry of the order for relief; or
(B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or

(2) the time the case is closed or dismissed. Prior to 1994, the statute of limitations under § 546(a) for filing a preference action was the earlier of two years after the appoint of a trustee or when the case was closed or dismissed.

5. This finding assumes without the necessity of deciding whether a chapter 13 debtor has standing to bring a preference action under § 547 of the Code.

such creditor has objected to, has accepted, or has rejected the plan.

11 U.S.C. § 1327(a).

■ Pursuant to § 1327, the order of confirmation in a chapter 13 case constitutes res judicata as to all justiciable issues which were or could have been raised prior to confirmation. *See In re Duke,* 153 B.R. 913 (Bankr.N.D.Ala.1993) (discussing the binding effects of a confirmation order in a chapter 13 case); *In re Clark,* 172 B.R. 701, 702 (Bankr.S.D.Ga.1994) (citing *In re Evans,* 30 B.R. 530, 531 (9th Cir. BAP 1983). Just as creditors are bound by the treatment afforded their claims, the debtor is likewise bound by the same terms.) *In re Clark,* 172 B.R. at 702. Upon confirmation, res judicata bars the assertion of any cause of action or objection which was raised or could have been raised, prior to confirmation. *Id.* The only rights which may be asserted by a party after confirmation are those provided for in the plan. *Id.* The only way to modify a plan post-confirmation is found in § 1329, and must be "strictly and narrowly construed as an exception to the binding effect of Section 1327(a)." *In re Duke,* 153 B.R. at 918.

■ The doctrine of res judicata is based upon the notion that the entry of a final judgment on the merits of an action precludes the re-litigation of issues · that were, or could have been, raised in the action giving rise to the final judgment. WILLIAM L. NORTON, JR., NORTON BANKR.L. & PRAC. § 139:8 (2d ed.1997). For the doctrine of res judicata to bar a cause of action the following four requirements must be satisfied:

(1) the parties must be identical in the two actions;

(2) the prior judgment must have been rendered by a court of competent jurisdiction;

(3) there must be a final judgment on the merits; and

(4) the same cause of action must be involved in both cases.

*See Mickey's Enters., Inc. v. Saturday Sales, Inc. (In re Mickey's Enters., Inc.),* 165 B.R. 188, 191 (Bankr.W.D.Tex.1994).

■ In this case the first three requirements are clearly satisfied. The parties involved in the present action were undoubtedly involved in the confirmation of Marlow's plan of reorganization. At confirmation, the debtor was the proponent of the chapter 13 plan of reorganization in which the claim of Malornis was scheduled as a secured creditor and Malornis participated in the confirmation process by filing its secured proof of claim. As to the second element, the Eleventh Circuit has held that there can be no challenge to a bankruptcy court's jurisdiction over confirmation of a debtor's plan of reorganization. *See Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.),* 898 F.2d 1544, 1550 (11th Cir.1990) (finding that the doctrine of claim preclusion barred a post-confirmation adversary proceeding filed by owners/guarantors of the debtor corporation seeking equitable subordination and objecting to creditor's claim allowed in debtor's confirmed chapter 11 plan). The Eleventh Circuit further noted that it has long been settled that "a bankruptcy court's order confirming a plan of reorganization is given the same effect as any district court's final judgment on the merits." *Id.; In re Duke,* 153 B.R. at 916; 2 KEITH M. LUNDIN, CHPATER 13 BANKRUPTCY, § 6.9 (1997). Accordingly, the fourth requirement that the same cause of action must be involved in both cases is the only requirement that shall require analysis.

In the case of *Mickey's Enters., Inc. v. Saturday Sales, Inc. (In re Mickey's Enters., Inc.),* 165 B.R. 188 (Bankr.W.D.Tex.1994), the bankruptcy court analyzed the fourth element in the context of a preference action and determined that a chapter 11 debtor's post-confirmation adversary proceeding to recover an alleged preferential transfer was barred under the doctrine of res judicata by confirmation of debtor's plan which provided for creditor's scheduled, unsecured claim. The bankruptcy court determined that the debtor's preference claim against the defendant and the defendant's scheduled claim against the debtor arose from the "same nucleus of operative facts." *Id.* at 192. The court noted, however, that "even where there is an identity of claims, the doctrine of res judicata does not bar the second action unless the plaintiff could or should have brought its claim in the former proceeding." *Id.* Thus, an essential inquiry under the fourth element is whether Marlow could or should have raised her claim against Malor-

nis in the context of the confirmation proceedings.

In *Mickey's,* the bankruptcy court determined that the chapter 11 debtor should have commenced its preference claim during the confirmation proceeding and stated that the debtor:

> knew about its preference claim early on, long prior to the commencement of the confirmation proceedings. It chose, however, to veil its existence from the creditors and the Court. It could have openly and specifically called its preference claim to the attention of creditors and the Court both in its Statement of Affairs and in its Disclosure Statement; but it did not. It could have declared its opposition to the participation of the Defendant in its Plan; but it did not. This Court firmly believes it should have.
>
> . . . . .
>
> This does not mean that a debtor, as a general rule, must litigate and resolve all § 547 causes of action prior to confirmation or be forever barred. What it does mean, however, is that a debtor 'must disclose those claims that are likely.' In other words, the disclosure statement must give those creditors holding allowed claims who are entitled to participate (vote and object) in the confirmation process adequate notice of and information regarding the claims that the debtor as reorganized will be bringing against them under the plan. Failure to do so should generally result in the debtor being barred under the doctrine of res judicata from pursing its claim in the future.

*Id.* at 192–93.

The Court recognizes that there is a line of cases which provides that "[i]f an issue must be raised through an adversary proceeding it is not part of the confirmation process and, unless it is actually litigated, confirmation will not have a preclusive effect." *In re Beard,* 112 B.R. 951, 955–56 (Bankr.N.D.Ind. 1990). *See also Russo v. Seidler (In re Seidler),* 44 F.3d 945, 949 (11th Cir.1995) (stating that "[c]onfirmation cannot circumvent procedures to determine rights where an adversary proceeding is required by the Federal Rules of Bankruptcy Procedure"); *Cen–Pen Corp. v. Hanson,* 58 F.3d 89, 93 (4th Cir.1995) (finding that confirmation generally cannot have preclusive effect as to the validity of liens, which must be resolved through an adversary proceeding). The Court believes, however, that an order of confirmation is entitled to res judicata effect with respect to claims of creditors if certain due process requirements are satisfied. The debtor must give notice to affected parties reasonably calculated under all the circumstances to apprise them of the pendency of the plan and afford them an opportunity to object.

In the case of *Spartan Mills v. Bank of America Illinois,* 112 F.3d 1251 (4th Cir. 1997), the Fourth Circuit addressed the issue of due process and distinguished its decision in the *Cen–Pen* case in which the court previously determined that the confirmation of a chapter 13 plan was not entitled to res judicata effect as to issues that were required to be raised by the more formal procedures for adversary proceedings. In *Spartan Mills,* a creditor's lien was subordinated by a financing order and order for sale of assets. After the time for appeal expired, the lienholder argued in a separate lawsuit that it was denied due process because Bankruptcy Rule 7001 required an adversary proceeding to subordinate its lien. Distinguishing *Cen–Pen,* the Fourth Circuit held that the aggrieved lienholders' remedy was to have sought reconsideration from the bankruptcy court or to have timely appealed the subordination orders to the district court. Because the creditor had notice of the bankruptcy court's orders, pursuant to *Celotex Corp. v. Edwards,* 514 U.S. 300, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995), the lienholder could not collaterally attack the judgment of the bankruptcy court.

In the case at bar, the Court finds that all due process requirements have been satisfied and that Marlow's confirmation order when coupled with the order allowing claims is entitled to res judicata effect with respect to all issues involved with the claim of Malornis. The debtor as the plan proponent was under a duty to examine the claims filed in her chapter 13 case and object to same as appropriate. Marlow knew about her preference claim when she filed her petition, scheduled the claim of Malornis without reserving the

right to attack the validity of the claim post-confirmation, and failed to object to the claim within the time prescribed by the order allowing claims. The rights of the debtor and Malornis were established by the confirmation order and order allowing claims which were entered without objection or appeal. Marlow is now bound by the terms of her confirmed chapter 13 plan and the order allowing claims to provide for the claim of Malornis as a secured judgment lienholder in her case.

A separate order will be entered consistent with this opinion.