**In re Gwynenell HARRISON, Debtor.**

**Camille Hope, Trustee, Plaintiff,**

**v.**

**First Family Financial Services of Georgia, Inc., Defendant.**

**Bankruptcy No. 98–54160–JDW.
Adversary No. 99–5097.**

United States Bankruptcy Court,
M.D. Georgia,
Macon Division.

Jan. 4, 2000.

Camille Hope, Macon, GA, for Chapter 13 Trustee.

Thomas R. Walker, Atlanta, GA, for Defendant.

### MEMORANDUM OPINION

JAMES D. WALKER, Jr., Bankruptcy Judge.

This matter comes before the Court on Motion to Dismiss filed by Defendant First Family Financial Services of Georgia, Inc. ("First Family"). First Family moves the Court to dismiss the action to avoid a preferential transfer filed by Camille Hope, Chapter 13 Trustee ("Trustee") in the estate of Debtor Gwyenell Harrison ("Debtor"). This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(F). After considering the pleadings, evidence and applicable authorities, the Court enters the following findings of fact and conclusions of law in compliance with Federal Rule of Bankruptcy Procedure 7052.

### Findings of Fact

This motion raises an important question: May Trustee bring an action to avoid a lien that Debtor's confirmed chapter 13 plan treats as a secured claim? On August 6, 1999, Trustee filed this adversary proceeding to avoid First Family's lien on Debtor's mobile home. The substance of First Family's argument in support of its motion to dismiss this adversary is based on these undisputed facts. On March 16, 1999, five months before Trustee filed this action, the Court confirmed Debtor's chapter 13 plan. Debtor purchased a mobile home on June 18, 1998 in which First Family holds a security interest that is duly noted on the mobile home's certificate of title. Debtor petitioned for relief under chapter 13 of the Bankruptcy Code on September 28, 1998. During the 90 day period preceding Debtor's petition, but after the 20 day period following delivery of the mobile home to Debtor, First Family perfected its lien.[1]

Under the terms of Debtor's plan, First Family would be paid $250.00 monthly on its secured claim. Two other secured creditors would collectively be paid $47.00 monthly. None of Debtor's unsecured creditors would receive any distribution on their claims. Because the plan specially provides for title to the mobile home to be released to Debtor with First Family's lien

---

1. These time periods are made relevant by 11. U.S.C. § 547(b)(4)(A), as to the 90 day period before the petition, and by 11 U.S.C. § 547(c)(3)(B), as to the 20 day period following delivery of the mobile home to Debtor.

satisfied upon completion of the plan, any benefit from Trustee's avoidance action should be realized by Debtor's unsecured creditors.

### Conclusions of Law

First Family's motion raises three issues: (1) Does the res judicata effect of 11 U.S.C. § 1327(a) bar Trustee's post-confirmation action to avoid an interest treated in Debtor's confirmed chapter 13 plan; (2) does Trustee have standing to pursue this action; and (3) does Section 1329(a) provide for modification of a confirmed plan such that the claim of an individual creditor is changed from secured to unsecured status? The Court's decision with regard to First Family's motion ultimately turns upon the first enumerated issue.

I. *Issues regarding Trustee's standing and modification provisions turn on availability of action to avoid claim treated as secured in confirmed chapter 13 plan*

The issues regarding Trustee's standing to bring this action and the possible absence of statutory provisions for the type of plan modification that Trustee's action suggests both depend upon the Court's decision regarding the res judicata effect of the confirmed plan. The Court will thus address these issues first and then address the controlling issue regarding the plan's res judicata effect in the final section of this Memorandum Opinion.

A. *Trustee will have standing to exercise her power if res judicata effect of confirmed plan does not bar action to avoid First Family's interest*

■ If the Court were to accept First Family's argument that Trustee lacks standing to bring this action, it would imply a result inconsistent with the limited powers given chapter 13 debtors. As noted by scholarly review, the general consen-

sus among bankruptcy courts is that a chapter 13 trustee has the power to prosecute avoidance actions while chapter 13 debtors do not.[2] *See generally* 1 KEITH M. LUNDIN, CHAPTER 13 BANKRUPTCY, § 3.43, pp. 3–31 to 3–36; *and see id.* § 3.71, pp. 3–70 to 3–74 (discussing general agreement that chapter 13 trustees have chapter 5 avoidance powers while chapter 13 debtors do not). Thus if the Court finds that the res judicata effect of confirmation does not bar this avoidance action, it must also find that Trustee has standing to prosecute this action based upon her interest in exercising the power of her office.

B. *Issue regarding modification of Debtor's chapter 13 plan is unripe for consideration*

■ If Trustee's action to avoid First Family's security interest is not barred by the res judicata effect of Section 1327(a), and Trustee is successful in her action, then First Family's issue regarding the provisions of Section 1329(a) may become relevant. However, it is premature now for the Court to consider the issue. If Trustee's action proves successful, the issue would have to be considered after an appropriate party files a motion to modify the plan.

II. *Res judicata does not bar post-confirmation avoidance actions that were not, or could not have been, actually litigated at confirmation hearing.*

■ In arguing that confirmation of Debtor's plan bars this avoidance action, First Family attempts to stretch the application of Section 1327(a) beyond the limits of the doctrine of res judicata. It is well established that "[u]pon confirmation, res judicata bars the assertion of any cause of action or objection which was raised, or could have been raised, prior to confirmation." *In re Clark*, 172 B.R. 701, 703

---

**2.** It should be noted that Section 522(h) creates an exception to chapter 13 debtors' lack of avoidance power.

(Bankr.S.D.Ga.1994) (Walker, J.). The res judicata effect of Section 1327(a) applies, however, only when an action or objection actually was raised, or actually could have been raised, in the confirmation proceedings. Because Trustee's action was not raised prior to confirmation by any party in interest, and, further, because the issue could not have been raised by the Trustee since she did not discover the untimely perfection of First Family's lien until after confirmation, Trustee's action to avoid First Family's security interest is not precluded by confirmation of Debtor's plan.

■ It has been argued that the res judicata effect of a confirmed plan bars only those actions that could have been raised as contested matters within the context of the confirmation proceedings and that confirmation has no effect on parties' interests that must be decided in the context of adversary proceedings. *See Matter of Marlow*, 216 B.R. 975, 980 (Bankr. N.D.Ala.1998) (citing *Russo v. Seidler*, 44 F.3d 945, 949 (11th Cir.1995) ("[c]onfirmation cannot circumvent procedures to determine rights where an adversary proceeding is required by the Federal Rules of Bankruptcy Procedure"); *Matter of Beard*, 112 B.R. 951, 955–56 (Bankr. N.D.Ind.1990)). In *Matter of Marlow*, however, the court recognized that confirmation of a plan could have preclusive effect as to matters that would otherwise be decided in adversary proceedings if the requirements of due process were met in the confirmation proceedings. Due process requires that affected parties have sufficient notice of threats to their rights or interests to apprise them of the need to take protective action. *See Matter of Marlow*, 216 B.R. at 980.

In *Matter of Marlow*, the chapter 13 debtor had knowledge that an action to avoid a creditor's interest could have been filed under Section 547 when she filed her petition and plan.[3] With such knowledge, she treated the creditor's claim as secured in her plan but she neither initiated an avoidance action prior to the confirmation of her plan, nor did she reserve the right to do so in the terms of the plan. Accordingly, the res judicata effect of confirmation barred her subsequent action. Without deciding whether the Court would follow *Matter of Marlow*, it should be noted that the situation is reversed in this case. Trustee lacked knowledge, prior to confirmation, upon which to initiate an adversary proceeding to avoid First Family's security interest.

■ A secured claim holder is not obliged to establish the invulnerability of its lien for its claim to be allowed pursuant to Section 502(a). As the Committee Note to Subdivision (d) of Federal Rule of Bankruptcy Procedure 3001 states, " '[s]atisfactory evidence' of perfection, which is to accompany the proof of claim, would include [*inter alia*] ... a duplicate of a certificate of title when a security interest is perfected by notation on such a certificate[.]" First Family thus duly proved its security interest pursuant to Rule 3001 by filing a duplicate of the certificate of title upon which its lien is noted, and because no party objected, First Family's secured claim was allowed. The mere allowance of First Family's claim, however, did not immunize it from avoidance, and a duplicate of the certificate of title, though sufficient for "proof of claim" purposes, was not sufficient to put Trustee on notice of the untimely perfection of First Family's security interest.

First Family has argued that given the six months between the date of the petition and the date of confirmation, Trustee had ample time to review First Family's claim prior to confirmation. Furthermore, First Family has pointed out that Trustee waited five months after confirmation before filing this avoidance action. As Trust-

---

3. Given the discussion *supra* at section I. A., the Court should note that it finds it questionable that the debtor in *Matter of Marlow* had power to prosecute the type of avoidance action she undertook in that case.

ee argues, however, she brought her action well within the time period prescribed by the statute of limitations for bringing avoidance actions. *See* 11 U.S.C. § 546(a). Defendant's arguments regarding res judicata do not support the adoption of an arbitrary reduction of the statute of limitations period.

If Trustee had been given sufficient notice to alert her to the untimely perfection of the lien prior to confirmation, the res judicata effect of confirmation might bar Trustee's action to avoid the lien pursuant to the *Matter of Marlow* rationale. First Family acted within its rights in employing a strategy of silence regarding the problems with perfection of its lien, and in submitting documentation sufficient for mere "proof of claim" purposes. Never-

theless, the strategy of silence entailed the risk that, in the course of her investigations, Trustee would discover First Family's untimely perfection. Because Trustee discovered the untimely perfection of First Family's lien within the time period prescribed in Section 546(a), First Family cannot now be heard to protest the fact that it lost its strategic gambit.

Accordingly, First Family's motion to dismiss this action must be denied.