[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10709
_____

D.C. Docket No. 5:11-cv-00276-MTT,
Bkcy No. 5:10-05108

CAMILLE HOPE,
Trustee for Rickey Fluellen,

Plaintiff–Appellant,

versus

ACORN FINANCIAL, INC.,

Defendant–Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(September 26, 2013)

Before BARKETT and JORDAN, Circuit Judges, and SCHLESINGER,* District
Judge.

JORDAN, Circuit Judge:

---

*Honorable Harvey E. Schlesinger, United States District Judge for the Middle District
of Florida, sitting by designation.

A Chapter 13 bankruptcy proceeding involves a number of participants. The debtor sets events in motion by filing a petition for relief and submitting a proposed bankruptcy plan, which serves as a road map for the things to come; the creditors try to preserve as much of their interests as possible; and the trustee "oversees the administration of the debtor's assets." *Litton v. Wachovia Bank (In re Litton)*, 330 F.3d 636, 640 (4th Cir. 2003). "Upon satisfaction of the plan and completion of the plan's terms, the debtor is discharged of his or her debts and, in theory, faces a future of solvency." *Universal Mortgage Co. v. Bateman (In re Bateman)*, 331 F.3d 821, 826 (11th Cir. 2003).

Under 11 U.S.C. § 1327(a) ("Effect of Confirmation"), the "provisions of a confirmed [Chapter 13] plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." As the quoted text indicates, however, § 1327(a) makes no mention of the trustee. It is that word left unwritten which has led to the dispute in this case.

We are called upon to decide whether a confirmed Chapter 13 plan which gives a creditor a secured position is binding on a trustee who, aware of defects in that creditor's security interest, does not assert any objections to, and affirmatively recommends confirmation of, the plan. We hold that, notwithstanding her omission from the language of § 1327(a), under such circumstances a Chapter 13 trustee is

2

bound by a confirmed plan and may not pursue a post-confirmation avoidance action against the creditor.

## I

In June of 2010, Ricky Fluellen purchased a car from TCL Auto Sales. Mr. Fluellen financed the purchase through Acorn Financial, Inc., which obtained a security interest in the vehicle. Shortly thereafter, Mr. Fluellen found himself financially insolvent, and on July 21, 2010, he filed for bankruptcy relief under Chapter 13. Acorn did not perfect its security interest in the vehicle until July 27, 2010, when it delivered an application for a certificate of title to the Commissioner of the Georgia Department of Revenue.

As part of Mr. Fluellen's bankruptcy proceeding, Acorn filed a proof of claim on August 12, 2010. Someone in the office of the Chapter 13 trustee, Camille Hope, then contacted the office of the local county tax commissioner to find out whether Acorn had a perfected lien on Mr. Fluellen's vehicle. On August 24, 2010, the tax commissioner responded that, according to his office's records, Acorn's security interest was not perfected until July 27, 2010, six days after Mr. Fluellen filed his bankruptcy petition. The bankruptcy court therefore found that Ms. Hope "knew about the defects in Acorn's security interest 30 days prior to the confirmation hearing." *See* Bankruptcy Court's Memorandum Opinion [D.E. 55] at

12. Ms. Hope, despite this knowledge, did not take any further immediate action concerning Acorn's claim.

In the meantime, Mr. Fluellen had submitted a proposed bankruptcy plan. The plan provided, in relevant part, for "payments to secured creditors, whose claims are duly proven and allowed[,]" and treated Acorn as a secured creditor entitled to monthly payments of $146. In her report to the bankruptcy court, Ms. Hope "recommend[ed] that [the] plan be confirmed" because it complied with the requirements of 11 U.S.C. § 1325. The bankruptcy court, noting Ms. Hope's recommendation, confirmed the proposed plan on September 30, 2010, thereby "vest[ing] all of the property of the estate in [Mr. Fluellen]." 11 U.S.C. § 1327(b).

On October 8, 2010, a week or so following confirmation of the plan, Ms. Hope filed an adversary proceeding against Acorn, seeking to avoid its lien as a preferential transfer, *see* 11 U.S.C. § 547, and designate its claim as unsecured debt. Acorn moved for summary judgment, arguing that Ms. Hope was bound by the terms of the confirmed Chapter 13 plan and that, as a result, her complaint was barred by *res judicata* (i.e., claim preclusion). The bankruptcy court granted summary judgment in favor of Acorn, and the district court affirmed. *See Hope v. Acorn Financial, Inc.*, 2012 WL 74874 (M.D. Ga. January 10, 2012). Ms. Hope now appeals. With the benefit of oral argument, we too affirm.

## II

4

On an appeal of a bankruptcy court's judgment, we act as "the second court of review." *Barrett Dodge Chrysler Plymouth, Inc. v. Cranshaw* (*In re Isaac LeaseCo, Inc.*), 389 F.3d 1205, 1209 (11th Cir. 2004). We exercise plenary review of any "determinations of law, whether made by the bankruptcy court or by the district court." *Williams v. EMC Mortgage Corp.* (*In re Williams*), 216 F.3d 1295, 1296 (11th Cir. 2010).

## A

Ms. Hope argues that, because § 1327(a) does not specifically say that trustees are also bound by a confirmed Chapter 13 plan, they are not so bound and can pursue post-confirmation avoidance actions within the two-year limitations period set forth in 11 U.S.C. § 546(a)(1)(A). She points out that several other provisions of Chapter 13 specifically mention trustees,[1] and reasons that the exclusion of trustees from § 1327(a) was not a mere legislative oversight. *See Russello v. United States*, 464 U.S. 16, 23 (1983) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely

---

[1] *See, e.g.,* 11 U.S.C. §§ 1329(a) (permitting plan modification "upon request of the debtor, the trustee, or the holder of an allowed unsecured claim"), and 1325(b)(1) (listing trustee as a party who can object to the confirmation of the plan). When originally enacted, §§ 1325(b)(1), 1327(a), and 1329(a) did not mention the trustee. *See* Pub. L. No. 95-598, §§ 1325, 1327, 1329, 92 Stat. 2649-51 (1978). Congress added the trustee to §§ 1329(a) and 1325(b)(1) when it amended those provisions in 1984, but never amended § 1327(a) in the same way. *See* Pub. L. No. 98-353, Title III, §§ 317, 319, 98 Stat. 356-57, 389 (1984).

in the disparate inclusion or exclusion.") (internal quotation marks and citation omitted).  She also notes our previous refusal, in the bankruptcy context, to add (or read in) missing statutory language. *See Myers v. Toojay's Management Corp.*, 640 F.3d 1278, 1284-86 (11th Cir. 2011) (explaining, in part, that we are not "licensed to practice statutory remodeling").

This is a close case, and Ms. Hope's statutory argument is simple and straightforward. But, for a number of reasons, it does not carry the day.

**B**

Choosing the most appropriate canon of construction in a given circumstance is usually a matter of contextual judgment, for statutory interpretation "is a holistic endeavor." *United States Savings Ass'n of Texas v. Timbers of Inwood Forest Ass., Ltd.*, 484 U.S. 365, 371 (1988). The *Russello* presumption on which Ms. Hope relies is only a presumption, and a rebuttable one at that. *See Springer v. Gov't of Philippine Islands*, 277 U.S. 189, 206 (1928) ("The general rule that the expression of one thing is the exclusion of others is subject to exceptions.  Like other canons of statutory construction, it is only an aid in the ascertainment of the meaning of the law, and must yield whenever a contrary intention on the part of the lawmaker is apparent."). Indeed, the Supreme Court, in a case involving an interstate compact among several states, recently declined to apply the presumption because it "fail[ed] to account for other sections of the compact that cut against its

reading" and "produce[d] . . . anomalous results." *Tarrant County Regional Water District v. Herrmann*, 133 S. Ct. 2120, 2131-32 (2013) ("At the very least, the problems that arise from Tarrant's proposed reading [under *Russello*] suggest that § 5.05(b)(1)'s silence is ambiguous regarding cross-border rights under the compact."). *See also Pugliese v. Pukka Dev., Inc.*, 550 F. 3d 1299, 1304 (11th Cir. 2008) (finding *Russello* presumption inapplicable).

Here, as in *Herrmann,* the *Russello* presumption does not quite work.  As a statutory matter, § 1327(a) cannot be read in isolation, and other provisions of Chapter 13 strongly suggest that a confirmed plan is binding for at least some purposes on the trustee. For example, §§ 1326(a)(2) and (c) require the trustee to make certain distributions as required by the confirmed plan, and one would think that no duty to distribute can or would arise unless such a plan was binding on the trustee. In addition, § 1329(a) provides that, after confirmation, the plan may be modified in certain ways "upon request of the debtor, the trustee, or the holder of an allowed unsecured claim," while § 1330(a) permits any "party in interest" (which a Chapter 13 trustee certainly is) to request revocation of a plan for fraud within 180 days of confirmation. These provisions would be "unnecessary if the confirmed plan did not already bind the trustee as it does the debtor." *Bankowski v. Wells Fargo Bank, N.A. (In re Reid)*, 480 B.R. 436, 445 (Bankr. D. Mass. 2012).

The trustee, moreover, acts in a representative capacity when she seeks post-confirmation avoidance. The bankruptcy court's confirmation of the proposed plan generally vests the property of the estate in the debtor, *see* § 1327(b), and the "primary purpose of the Chapter 13 trustee is . . . to serve the interests of all creditors." *Overbaugh v. Household Bank, N.A. (In re Overbaugh)*, 559 F.3d 125, 129-30 (2d Cir. 2009). So, whether the trustee is (generally speaking) trying to benefit the debtor or certain creditors through an avoidance action, she is not acting for her own account.

## C

Significantly, the bankruptcy terrain we traverse is not pristine. In *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544, 1553 (11th Cir. 1990), a Chapter 11 case, we held that certain creditors could not mount a post-confirmation challenge to the claim of another creditor because they had "waived their right to object by failing to object prior to confirmation of the plan." We found "compelling" the rationale of the Fifth Circuit in *Simmons v. Savell (In re Simmons)*, 765 F.2d 547, 553 (5th Cir. 1985), a Chapter 13 case, which we summarized as follows: "[W]hen the objection is based on an argument that the plan misclassified the objectionable claim, the objection must be made prior to confirmation of the plan[,]" and the right to object is lost "when the bankruptcy

8

court confirm[s] the plan." *Justice Oaks II,* 898 F.2d at 1553. [2]

*Justice Oaks II* did not involve a post-confirmation challenge by the trustee, and neither did *Simmons*. Nevertheless, both cases hold that the ability to object to a claim generally evaporates upon the bankruptcy court's confirmation of the plan. And we have since applied the holding of *Justice Oaks II* in the Chapter 13 context, ruling that "a secured creditor cannot collaterally attack a confirmed Chapter 13 plan, even though the plan conflicted with the mandatory provisions of the [B]ankruptcy [C]ode, when the secured creditor failed to object to the plan's confirmation or appeal the confirmation order." *Bateman*, 331 F.3d at 822. *See also id.* at 827 ("Universal timely filed a proof of claim before the Plan's confirmation. Accordingly, unless Bateman [the debtor], or any other party in interest objected to the proof of claim, it is 'deemed allowed' and is 'prima facie evidence of the validity and amount' of [the debt]."). Relying on *Justice Oaks II* and *Simmons*, we explained in *Bateman* that a confirmed Chapter 13 plan has *res judicata* effect, even if the plan does not, by its terms, comply with the Bankruptcy Code: "Confirmation of a Chapter 13 plan by a bankruptcy court of competent

---

[2] Under the Bankruptcy Code, "[a] claim . . . is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Although Bankruptcy Rule 3007 sets forth the procedure for filing an objection to a claim, it is silent as to the time limits for the filing of such an objection. The Fifth Circuit in *Simmons*, however, found such a deadline implicit in the Code, holding that under § 502(a) "a proof of secured claim must be acted upon—that is, allowed or disallowed—before confirmation of the plan or the claim must be deemed allowed for purposes of the plan." *Simmons*, 765 F.2d at 553.

jurisdiction, in accordance with the procedural requirements of notice and hearing of confirmation, 'is given the same effect as any district court's final judgment on the merits.'" *Id.* at 829-30 (quoting *Justice Oaks II,* 828 F.2d at 1550).

*Justice Oaks II* and *Bateman*, we think, are relevant to the issue we confront today. Pursuant to 11 U.S.C. § 1302(b)(1), one of the duties of a Chapter 13 trustee is to "examine proofs of claims and object to the allowance of any claim that is improper." 11 U.S.C. § 704(a)(5). And the Bankruptcy Code provides that a Chapter 13 trustee "shall," among other things, "appear and be heard at a hearing that concerns . . . confirmation of a plan." 11 U.S.C. § 1302(b)(2)(B). These provisions, taken together, generally require a Chapter 13 trustee to object to the confirmation of a plan if a claim is invalid or improperly characterized.

The principles articulated in *Justice Oaks II* and *Bateman* carry even more weight given what happened here. First, as the bankruptcy court found, and as Ms. Hope later conceded, her office had all the information she needed to challenge Acorn's claim as an avoidable lien well prior to confirmation. *See* Transcript of Hearing on Motion to Reconsider [D.E. 99] at 12-13. Second, Ms. Hope did not merely forego her opportunity to file a timely objection to Acorn's claim; she affirmatively recommended to the bankruptcy court that Mr. Fluellen's proposed plan—which listed Acorn as a secured creditor—be confirmed. We agree with the Second Circuit that, on these facts, the bankruptcy court correctly precluded Ms.

10

Hope from filing a post-confirmation avoidance action against Acorn. *See Celli v. First Nat. Bank of Northern New York (In re Layo)*, 460 F.3d 289, 295-96 (2d Cir. 2006). If a trustee, like a debtor or creditor, is obliged to make a timely objection to the confirmation of a plan, and foregoes an objection she is aware of, it is difficult to see why the trustee, like a debtor or creditor, would not also be bound by confirmation. "A secured creditor [like Acorn] who files a claim has a correct and lawful expectation that the validity and amount of its . . . claim, absent objection, is proven and binding upon the debtor, the trustee, and other creditors." *In re Hudson*, 260 B.R. 421, 431 (Bankr. W. D. Mich. 2001).

## D

We have tried, given our existing precedent, to make the best of bankruptcy provisions which do not mesh very well together, but we know that our ruling is not ideal. We recognize, as did the bankruptcy court, that in certain routine Chapter 13 cases the confirmation of proposed plans will take place before the bar dates for proofs of claims and avoidance actions. We also acknowledge that not all scheduled creditors file proofs of claims, thereby creating administrative nightmares for busy trustees. Our holding, therefore, is a narrow one, necessarily limited by the facts before us: a Chapter 13 trustee who is aware, prior to confirmation, about the defects in a creditor's security interest and who, despite that knowledge, does not object to the creditor's claim and affirmatively

11

recommends confirmation of a proposed plan in which the creditor is given a secured position. We need not, and do not, address a scenario where the trustee is unaware of the defects in the creditor's security interest until after confirmation. *Cf. Hope v. First Family Fin. Serv. of Georgia, Inc. (In re Harrison)*, 259 B.R. 794, 797-98 (Bankr. M.D. Ga. 2000) (addressing a similar set of facts).

We pause to add that Ms. Hope's reading of § 1327(a) is also not perfect and, if adopted, would create problems of its own. As one bankruptcy court has persuasively explained:

> [T]he confirmation of a [C]hapter 13 plan is a collective and omnibus proceeding, one that attempts, as much as possible, to address the obligations of a debtor to all his or her creditors, and the priority among those creditors, at once. It would be unusual and unworkable for the order that confirms such a plan to bind the debtor and the creditors but not also the trustee. If the plan is not final as to all, it is not final as to any. Where the confirmation of a plan fixes a matrix of interdependent rights, it is often difficult to alter one part without affecting many others. In this kind of proceeding, finality is not finality unless it applies to all. Especially where the trustee's role after confirmation is to collect payments from the debtor and distribute those payments to creditors, it is difficult to imagine how the plan can be final if it is not binding on her.

*Bankowski,* 480 B.R. at 445. *See also In re Smith,* 2004 WL 41401, at *2 (Bankr. W.D. Mo. January 6, 2004) ("A failure to timely object to a claimed exemption prevents a [Chapter 13] trustee from later challenging that exemption–even if the debtor does not have a good faith or reasonably disputable basis for claiming it.").

12

Finally, we note that virtually all of the federal courts to have passed on (or opined on) on this issue—bankruptcy, district, and circuit—have (albeit with somewhat different rationales) come to the same conclusion: that a confirmed Chapter 13 plan binds the trustee in circumstances like those here and does not allow her to mount post-confirmation challenges. *See, e.g., Celli*, 460 F.3d at 295-96; *Bankowski,* 480 B.R. at 444-46; *Evabank v. Baxter*, 278 B.R. 867, 887 (N.D. Ala. 2002); *In re Euler*, 251 B.R. 740, 746 (Bankr. M.D. Fla. 2000); *Ledford v. Brown (In re Brown)*, 219 B.R. 191, 194 (B.A.P. 6th Cir. 1998). The leading treatises are also in accord.  *See* 8 COLLIER ON BANKRUPTCY ¶ 1327.02[1] (16th ed. 2013); 7 NORTON BANKR. L. & PRAC. 3d § 151:25 (2013). This weight of authority is not, of course, dispositive, but it does give us some comfort.[3]

## III

Where, as here, the Chapter 13 trustee is aware of defects in a creditor's security interest well before confirmation, chooses not to object to the creditor's claim, and affirmatively recommends to the bankruptcy court that it confirm a proposed plan in which the creditor is given a secured position, the bankruptcy court's confirmation of the plan binds the trustee and precludes a post-confirmation

---

[3] As an aside, the parallel provision to § 1327(a) in Chapter 12 of the Bankruptcy Code, 11 U.S.C. § 1227(a), also does not list the trustee as one of the persons or entities bound by confirmation of the plan. Nevertheless, courts have held that, under principles of *res judicata*, confirmation is binding on the Chapter 12 trustee. *See In re Ted Wiest & Sons, Inc.*, 446 B.R. 441, 445-46 (Bankr. D. Mont. 2011); *In re Ogle,* 261 B.R. 22, 26 (Bankr. D. Idaho 2001); *In re Roesner*, 153 B.R. 328, 336 (Bankr. D. Kan. 1993).

avoidance action against the creditor. The decisions of the bankruptcy court and the district court are affirmed.

**AFFIRMED.**