[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10172
Non-Argument Calendar

_____

D.C. Docket Nos. 8:17-cv-01738-JDW; 8:16-bkc-03519-CPM

In Re: NAUSSERA NOAH ZADEH,

Debtor.

_____

NAUSSERA NOAH ZADEH,
a.k.a. Naussera Taati Zadeh,
d.b.a. Noah's Great Little Farm,

Plaintiff - Appellant,

versus

JON WAAGE,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 6, 2019)

Before WILLIAM PRYOR, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Naussera Zadeh, proceeding *pro se*, appeals the district court's order *sua sponte* dismissing for failure to prosecute his appeal of the bankruptcy court's order closing his Chapter 13 bankruptcy case.  On appeal, he argues that the bankruptcy court violated his due process rights by failing to void his transfer of his homestead property as fraudulent and by failing to enforce an automatic stay against his creditors, who, he alleges, conspired to purchase his homestead property without his knowledge or permission.

I.

We sit as a second court of review in the bankruptcy context, examining independently the factual and legal determinations of the bankruptcy court and employing the same standards of review as the district court.  *Finova Capital Corp. v. Larson Pharmacy, Inc. (In re Optical Techs., Inc.)*, 425 F.3d 1294, 1299-300 (11th Cir. 2005).  We review the bankruptcy court's factual findings for clear error and the bankruptcy court's and district court's legal conclusions *de novo*.  *Id.* at 1300.  However, we review for abuse of discretion a district court's order dismissing a bankruptcy appeal on procedural grounds.  *See Pyramid Mobile Homes, Inc. v. Speake (In re Pyramid Mobile Homes Inc.)*, 531 F.2d 743, 746 (5th Cir. 1976) (affirming the district court's dismissal of a bankruptcy appeal under

2

former Bankruptcy Rule 801, which provided that an appellant's failure to take steps beyond filing a notice of appeal may be grounds for dismissing the appeal).[1] An abuse of discretion occurs where a bankruptcy court applies the wrong principle of law or makes clearly erroneous findings of fact. *Kulakowski v. Walton (In re Kulakowski)*, 735 F.3d 1296, 1299 (11th Cir. 2013).

In bankruptcy appeals to the district court, the appellant must file a brief within 30 days after the docketing of notice that the record has been transmitted, unless the district court specifies different time limits. Fed. R. Bankr. P. 8018(a). If the appellant fails to timely file a brief, the district court may *sua sponte* dismiss the appeal after notice. Fed. R. Bankr. P. 8018(a)(4). Generally, dismissal upon disregard of an order, especially where the litigant has been forewarned, is not an abuse of discretion. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). In the bankruptcy context, we have explained that filing briefs, unlike filing a notice of appeal, is not a jurisdictional prerequisite and, therefore, a showing of bad faith, negligence, or indifference is necessary in determining whether dismissal is appropriate for failure to file a brief. *Brake v. Tavormina (In re Beverly Mfg.*

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), this Court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

*Corp.)*, 778 F.2d 666, 667 (11th Cir. 1985) (interpreting former Fed. R. Bankr. P. 8009(a)(1), requiring timely filing of briefs).

While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). *Pro se* litigants are required to conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

Here, Zadeh has abandoned any argument that the district court abused its discretion by *sua sponte* dismissing his appeal for failure to meaningfully prosecute and failure to follow Fed. R. Bankr. P. 8018, as his brief does not address the district court's order and solely addresses purported violations committed by the bankruptcy court. Because Zadeh has not properly raised any arguments demonstrating that the district court erred, we affirm.

**AFFIRMED.**