[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13117
Non-Argument Calendar
_____

D.C. Docket No.  6:17-cv-00214-PGB,
Bkcy No. 3:14-bkc-00158-JAF

In re: SCHONFELD, INC.,
(a foreign proceeding),

                                                                                    Debtor.

_____

LINK & ASSOCIATES, INC.,

                                                                        Plaintiff-Appellant,

versus

DARLENE IVANY,
BACKCOVE COMPANY, et al.,

                                                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 23, 2020)

Before JORDAN, LUCK, and HULL, Circuit Judges.

PER CURIAM:

In this bankruptcy appeal, Link & Associates, Inc., as trustee and foreign representative for the bankruptcy estate of Howard Paul Ivany, challenges the order of the bankruptcy court, later affirmed by the district court, dismissing its claim for relief under the doctrine of forum non conveniens.  After review, we affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In 2012, Howard Ivany's creditors filed a petition for bankruptcy in the Ontario Superior Court of Justice.  The Canadian court entered an order deeming Howard Ivany bankrupt.  The Canadian court then initiated insolvency proceedings, appointing Schonfeld, Inc. as the corporate trustee and Robert Link of Link & Associates as the individual trustee.[1]

Schonfeld learned that Howard Ivany had assets in Florida.  Acting upon this information, it filed a petition in the Middle District of Florida, seeking recognition of the Canadian insolvency proceedings as a "foreign main proceeding" under chapter 15 of the U.S. Bankruptcy Code, which the bankruptcy court granted.  The recognition order entrusted to Schonfeld, as the foreign representative, the administration or realization of Howard Ivany's assets within the territorial

---

[1] For ease of reading, we'll refer to Link & Associates, Inc. as "Link" and to Robert Link as "Robert Link."

jurisdiction of the United States.  Link later replaced Schonfeld as the corporate trustee and foreign representative.  Link then sought to uncover Howard Ivany's assets in Florida.

Link determined that Howard Ivany, either individually or through his ownership interest in Mi Lee, Inc., transferred a substantial part of his assets in Florida to his wife, Darlene Ivany, and Backcove Company.  Specifically, during the four-year period prior to the petition, Howard Ivany transferred money and assets valued at $172,000 to Darlene Ivany.  Howard Ivany also transferred his thirty-percent stake in Mi Lee, Inc., a Florida-based real estate investment company, to Darlene Ivany.  Darlene Ivany is Mi Lee's registered agent and director.  Howard Ivany was the company's officer, director, managing agent, and control person.  Howard Ivany also transferred money and assets valued at $505,000 to Backcove Company and transferred $379,000 of his interest in eight properties, through his ownership interest in Mi Lee, to Backcove.  Backcove is a Florida corporation with its principal place of business in Florida.  Darlene Ivany was Backcove's officer, director, managing agent, and control person.

Claiming that these transfers were fraudulent, Link filed an adversary complaint against the defendants, Darlene Ivany, Mi Lee, and Backcove, in the bankruptcy court for the Middle District of Florida seeking, among other things, to recover the transferred assets under chapter 726, Florida Statutes.

The defendants moved to dismiss the complaint on the basis of forum non conveniens. The bankruptcy court granted the motion, finding that (1) Canada was an adequate and available alternative forum, (2) private and public interest factors weighed in favor of dismissal, and (3) Link could reinstate its suit in Canada without undue inconvenience or prejudice. Link then moved for reconsideration, which the bankruptcy court denied. So Link appealed to the district court. The district court affirmed, substantially deferring to the bankruptcy court's findings. This second appeal follows.

## STANDARD OF REVIEW

"In appeals from bankruptcy judgments, this Court functions '[a]s the second court of review.'" Schlein v. Mills (In re Schlein), 8 F.3d 745, 747 (11th Cir. 1993) (quoting Equitable Life Assurance Soc. v. Sublett (In re Sublett), 895 F.2d 1381, 1384 (11th Cir. 1990)). We review a bankruptcy court's dismissal order under the doctrine of forum non conveniens for an abuse of discretion. See Aldana v. Del Monte Fresh Produce N.A., Inc., 578 F.3d 1283, 1288 (11th Cir. 2009). "A bankruptcy court abuses its discretion when it 'applies the wrong principle of law or makes clearly erroneous findings of fact.'" Kulakowski v. Walton (In re Kulakowski), 735 F.3d 1296, 1299 (11th Cir. 2013) (quoting Piazza v. Nueterra Healthcare Physical Therapy, LLC (In re Piazza), 719 F.3d 1253, 1271 (11th Cir. 2013)).

4

## DISCUSSION

Forum non conveniens is a discretionary tool that permits a court to dismiss a civil action when an alternative forum is better suited to adjudicate the dispute— even where venue is proper and jurisdiction exists. See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 507 (1947). For the doctrine to apply, a defendant must demonstrate that "(1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate [its] suit in the alternative forum without undue inconvenience or prejudice." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1330 (11th Cir. 2011); see also Piper Aircraft Co. v. Reyno, 454 U.S. 235, 257 (1981).

Link makes four arguments on appeal: (1) the bankruptcy court erred in finding that Canada was an adequate alternative forum; (2) the bankruptcy court and district court erred in failing to consider, as two private interest factors, that it would be easier to compel the attendance of witnesses in Florida and that the parties had undergone substantial discovery in Florida; (3) the bankruptcy court and district court erred in failing to consider, as two public interest factors, that this was a chapter 15 cross-border proceeding and that a Canadian court would have to undergo a choice-of-law analysis in determining if Florida law applied to Link's claims; and (4) the district court erred in making improper independent factual findings. We

5

agree with the district court that the bankruptcy court did not abuse its discretion in dismissing the suit based on forum non conveniens.

*Adequacy of the Canadian Forum*

Link argues that the bankruptcy court erred in finding that Canada was an adequate alternative forum because the defendants in their motion to dismiss never established that it was.  We disagree.

The Supreme Court in Piper Aircraft stated that the adequate and available alternative forum prong is "[o]rdinarily . . . satisfied when the defendant is 'amenable to process' in the other jurisdiction."  454 U.S. at 254 n.22.  Here, as stated in the bankruptcy court's order, the defendants became amenable to process in Canada when they consented to Link bringing this action in Canada and to the Canadian court's jurisdiction over them.  Because the defendants were amenable to process in Canada, we agree with the bankruptcy court that the defendants had sufficiently proven that Canada was an adequate alternative forum.  See Satz v. McDonnell, 244 F.3d 1279, 1283 (11th Cir. 2001) (finding that an alternative forum was adequate in part because "the district court conditioned its order of dismissal on [the defendant] consenting to any Argentine judgment against it"); see also Republic of Pan. v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 951 (11th Cir. 1997) ("Generally, a defendant satisfies the [adequate and available alternative forum] prong of the

analysis by showing that it is 'amenable to process in the other jurisdiction.'" (quoting Piper Aircraft, 454 U.S. at 254 n.22)).

*The Private Interest Factors*

Link next contends that the bankruptcy court and district court erroneously failed to consider, as to two private interest factors, that: (1) it would be easier to compel the attendance of witnesses in Florida; and (2) the parties had undergone substantial discovery in Florida. The record says otherwise.

As to Link's argument concerning witnesses, the record is unrefuted that many of the witnesses, especially the most critical ones, are in Canada. See Aldana, 578 F.3d at 1293-94 (concluding that the dismissal for forum non conveniens was warranted where most witnesses were in Guatemala). Link, in its initial disclosures, revealed the names and addresses of nine witnesses whom it believed would be necessary for trial. These witnesses included Robert Link, Darlene Ivany, Howard Ivany, family members of Darlene and Howard Ivany, and the designated representatives of Backcove and Mi Lee. All of these material witnesses are either permanent Canadian residents or have a strong affiliation with Canada. For example, Darlene Ivany is a permanent resident of Canada. And although Backcove and Mi Lee are Florida corporations, Darlene Ivany is the sole officer, director, and managing agent for Backcove and the managing agent and director for Mi Lee. We agree with the district court that given the location of material witnesses, the

7

bankruptcy court did not abuse its discretion in finding that this private factor weighs in favor of dismissal.

As to Link's argument concerning the substantial discovery conducted in Florida, the only discovery conducted in this adversary proceeding was the initial required disclosures, as the bankruptcy court stayed discovery pending the outcome of the motion to dismiss.[2]  See Fed. R. Civ. P. 26(a).  A cursory review of the docket demonstrates that hardly any discovery had been conducted.  See Aldana, 578 F.3d at 1297 (determining that the private interest factors weighed in favor of dismissal in part because discovery "ha[d] been relatively limited").  In sharp contrast, Howard Ivany's bankruptcy case has been pending for three years in a Canadian court.  We agree with the district court that given the minimal amount of discovery the parties had undergone in the Middle District of Florida, the bankruptcy court did not abuse its discretion in finding that this private factor weighs in favor of dismissal.

*The Public Interest Factors*

Link next argues that the bankruptcy court and district court erroneously failed to consider, as two public interest factors, that: (1) this was a chapter 15 cross-border proceeding; and (2) a Canadian court would have to undergo a choice-of-law

---

[2] Link framed this issue as a public interest factor.  But we have analyzed amount of discovery conducted in a case as a private interest factor.  See Aldana, 578 F.3d at 1297.

analysis in determining if Florida law applied to Link's claims.  Both arguments are contradicted by the record.

As to Link's argument concerning chapter 15, the district court and the bankruptcy court considered the underlying policies of a chapter 15 cross-border proceeding in their rulings.  In its reconsideration order, the bankruptcy court considered the policy reasons for a chapter 15 cross-border proceeding, but found that "such consideration would not have changed [its] ruling."  The district court, agreeing with the bankruptcy court, determined that, because the underlying proceedings occurred in Canada, Canada had a stronger interest in hearing this matter before its courts.

Link also contends that the bankruptcy court and district court wrongfully assumed that a Canadian court would apply Florida law to Link's claims.  But Link argued in its response to the motion to dismiss "that all of its claims arise under Florida law" and that "[a]ll claims are based upon Florida law and no Canadian law is implicated or relevant."  The bankruptcy court found that a Canadian court would apply Florida law because, as Link conceded, the claims arose exclusively under Florida law.  No choice-of-law analysis was required.

*The District Court's "Factual Findings"*

Finally, Link argues that the district court, acting in its appellate capacity, improperly made certain independent factual findings.  Link points to two comments

9

the district court made in its decision: (1) "many of the necessary witnesses—including all of the parties to this appeal and the underlying bankruptcy—are located in Canada"; and (2) Link has "filed suit in Canada."

While, in a bankruptcy appeal, a district court cannot make independent factual findings, see Fed. Land Bank of Jackson v. Cornelison (In re Cornelison), 901 F.2d 1073, 1075 (11th Cir. 1990) (noting that in a bankruptcy appeal "[n]either the district court (which functions in an appellate capacity in a bankruptcy appeal) nor this Court may make independent factual findings"), the district court in this case did not make any such findings. As to the comment about witnesses, the bankruptcy court found that "the three defendants in this adversary proceeding are Mrs. Ivany, a Canadian citizen, and two Florida corporations for both of whom Mrs. Ivany is the alleged registered agent and director and for one of whom (Backcove) Mrs. Ivany was the alleged officer, director, managing agent, control person, and alter ego. . . . Additionally and importantly [Link] itself is located in Canada." The district court, in its own words, merely recited the bankruptcy court's findings that many of the necessary witnesses are in Canada. As to the district court's comment that Link has "filed suit in Canada," the court merely repeated Link's appellate brief, which stated that Link "file[d] a proceeding in Canada in accordance with the Dismissal Order."

## CONCLUSION

For these reasons, we, in line with the district court, affirm the bankruptcy court's decision to dismiss the case based on forum non conveniens.

**AFFIRMED.**